[No. 6724.   Decided June 22, 1907.]

LEWIS W. CHASE, *Respondent*, v. RUDOLPH KNABEL,
                *Appellant.*[1]

CONSTITUTIONAL LAW—DEPRIVATION OF CIVIL RIGHTS—ACTIONS—
EVIDENCE—SUFFICIENCY.  In an action by a negro, ejected from a
restaurant, the evidence does not sustain a cause of action for re-
fusal of equality of civil rights, where the plaintiff in his testimony
did not claim that the ejection was in any way due to his color and
had theretofore always been properly served there (FULLERTON, J.,
dissenting).

MASTER AND SERVANT—INJURY TO THIRD PERSONS—SCOPE OF EM-
PLOYMENT—INNKEEPERS—PATRONS—PROTECTION AND EJECTION.  Wait-
ers, in ejecting a negro from a restaurant for an alleged insult to a
lady patron, are acting within the scope of their employment if the
same was done for the purpose of according protection to such
patron, and the owner of the restaurant is liable for damages oc-
casioned by unnecessary force and violence; but if the waiters were
actuated by jealousy, hatred, or ill-feeling independent of their duty
toward the lady patron, they acted outside of their employment, and
their master was not liable for their acts.

Appeal from a judgment of the superior court for Pierce
county, Irwin, J., entered January 19, 1907, upon the verdict
of a jury rendered in favor of the plaintiff, in an action for
damages for an assault and battery committed by defendant's
servants.   Reversed.

*S. F. McAnally* and *Charles L. Westcott*, for appellant,
cited:  *Rahmel v. Lehndorff*, 142 Cal. 681, 76 Pac. 659, 100
Am. St. 154, 65 L. R. A. 88; *Williams v. Pullman Palace Car
Co.*, 40 La. Ann. 87, 3 South. 631, 8 Am. St. 512.

*Lawrence Sledge*, for respondent, contended, among other
things, that one in defendant's business is liable for an as-
sault and battery committed by his waiters.   *Bryant v. Rich*,
106 Mass. 180, 8 Am. Rep. 311; *Morris Hotel Co. v. Henley*,
145 Ala. 678, 40 South. 52; *Goodwin v. Greenwood*, 16 Okl.

[1]Reported in 90 Pac. 642.

489, 85 Pac. 1115. This, solely upon the doctrine of respondeat superior. *Warax v. Cincinnati etc. R. Co.*, 72 Fed. 637; *Priest v. Hudson River R. Co.*, 40 How. Prac. 456; *Daily v. Redfern*, 1 Mont. 467; *Ously v. Hardin*, 23 Ill. 403. And even though the battery was wanton and malicious. *Schmidt v. Vanderveer*, 110 App. Div. 758, 97 N. Y. Supp. 441, *Geraty v. Stern*, 30 Hun. 426; 2 Am. & Eng. Ency. Law (2d ed.), 990; *Cohen v. Dry Dock etc. R. Co.*, 69 N. Y. 170. Even if disapproved by the master. *Duggins v. Watson*, 15 Ark. 118, 60 Am. Dec. 560; *Turner v. North Beach etc. R. Co.*, 34 Cal. 594; *Church v. Mansfield*, 20 Conn. 284; *Noble v. Cunningham*, 74 Ill. 51; *Lutz v. Forbes*, 13 La. Ann. 609; *Stickney v. Munroe*, 44 Me. 195; *Cleveland v. Newsom*, 45 Mich. 62. Where the principal has placed his agent in a position of trust, he should suffer from the agent's wrongful acts, rather than another innocent person. *Hern v. Nichols*, 1 Salk. (Eng.) 289; *Lee v. Sandy Hill*, 40 N. Y. 442; *Locke v. Sterns*, 1 Met. (Mass.) 560, 35 Am. Dec. 382; *Higgins v. Watervliet T. Co.*, 46 N. Y. 23, 7 Am. Rep. 293. The plaintiff was denied equality of civil rights. *Fruchey v. Eagleson*, 15 Ind. App. 88; *United States v. Cruikshank*, 92 U. S. 542, 23 L. Ed. 588; *Baylies v. Curry*, 128 Ill. 287, 21 N. E. 595; *Ferguson v. Gies*, 82 Mich. 358, 46 N. W. 718, 21 Am. St. 576, 9 L. R. A. 589.

Root, J.—Respondent, who is a colored man, although the complaint does not allege the fact, brought this action against appellant, who was the owner and manager of a restaurant in Tacoma, and two waiters employed by appellant in the restaurant. The complaint set forth two causes of action; the first, based upon an assault and battery committed by these waiters in improperly ejecting plaintiff from the restaurant; the second, for alleged refusal of equality of civil rights. The trial resulted in a verdict for plaintiff in the sum of $400, for which amount judgment was entered against each and all of the defendants, after the denial of a motion for a new trial.

From the judgment as against appellant, this appeal is prosecuted.

It is strenuously urged by appellant that there is no evidence to sustain the second cause of action; that the plaintiff's color had nothing to do with his being ejected from the restaurant. The evidence does not support this cause of action. Plaintiff himself in his testimony made no claim that the occurrence was in any way occasioned by reason of his color, and testified that he had always been served and treated properly theretofore in appellant's restaurant.

It is also contended that the action of the waiters in assaulting and ejecting plaintiff was not within the scope of their employment. The facts shown by the evidence were about these: Plaintiff had been eating from time to time in this restaurant during a period extending over more than fourteen years. On the evening in question, he entered the restaurant and gave his order to one of the waiters, who started for the kitchen apparently with the intention of bringing his dinner. After the waiter went out, plaintiff stepped to the street door, and upon returning, saw a lady sitting in that part of the restaurant which is ordinarily occupied by women patrons. This lady was employed in an establishment where the plaintiff sometimes worked, and he had frequently there seen her and spoken to her, and she to him, with reference to the work he was doing. He approached the table where she was sitting reading a newspaper, and spoke to her, receiving no response. Thinking she did not hear him, as he says, he again addressed to her a remark of a jocular character. She looked up in an apparently embarrassed manner and nodded, and at this moment the waiter, having returned with plaintiff's dinner, came over, shook him, and told him that that was no place for him and to come out of there and eat his dinner, and plaintiff says that the waiter told him not to be insulting the lady. Plaintiff remarked that he was acquainted with the lady. The waiter responded in substance that he did not care if he was; for him to immediately come out of there and eat

his dinner, and proceeded to push him along toward the table, in which direction the plaintiff proceeded to go, protesting, however, that he had not insulted the lady and that he was acquainted with her. In his excitement he passed by the table, and then turned around, and the waiter told him to sit down or else get out of there, and the next moment placed plaintiff's hat upon his head and took him by the arm and started him toward the door, and another waiter seized the other arm and assisted in the movement. Plaintiff says that, just as he went out of the door, one of them—he did not know which—struck him a vicious blow on the side of the head with something, he did not know what, and knocked him to the sidewalk, where he remained for a few moments in a half-dazed condition. Two of appellant's witnesses, however, say that plaintiff was pushed out because he was annoying the lady customer, and when requested to desist and eat his dinner, became boisterous and proceeded to swear and use loud language and create a disturbance; that after being put out, he started to return, in a belligerent manner, when one of the waiters struck him. Plaintiff then started for his home, and claims that while on the way home and that evening he was at times overcome with spells of semiunconsciousness from the effects of the blow received. He was around the next day, however, and does not appear to have had any scars or other outward evidences of the injury received. The proprietor of the restaurant was not present at the time of this occurrence, and knew nothing of it until months afterwards. Plaintiff being asked upon the witness stand as to why the waiter shook him and insisted on his coming away from the presence of the lady, answered that he thought the waiter was jealous of him, although upon cross-examination he could give no satisfactory reasons for this opinion.

The question for the jury to decide, under the first cause of action alleged, was as to whether this assault upon plaintiff was made by these waiters within the scope of their duty

as such, or whether it was by reason of a personal difficulty, ill will, or ill feelings existing between the plaintiff and the waiter or waiters themselves, independent of their functions as servants of appellant. It is doubtless the duty of a restaurant keeper to accord protection to lady patrons from insult or annoyances while they are in his restaurant. If such a lady customer is insulted or annoyed, it is doubtless the duty of the proprietor or his waiters or servants to put a stop to such annoyance and, if necessary, to eject the person guilty of the offense; and in so doing they may use all necessary force, being liable, however, in damages for injuries occasioned by the use of unnecessary force and violence. On the other hand, if the assault and battery made upon plaintiff was occasioned by reason of ill will, jealousy, hatred, or other ill feeling on the part of the waiter or waiters, independent of their duty as agents of the proprietor toward the lady in question, then the proprietor would not be holden in damages. In this case the trial court, under proper instructions, submitted to the jury the question of whether or not these waiters were acting within the scope of their employment as agents of the proprietor, and as to whether or not they used undue force and violence in case they were acting in such capacity, and as to whether respondent was denied the rights guaranteed to him by the constitution and civil rights statutes. The jury, under these instructions, must have found that the waiters were acting within the scope of their employment as servants of appellant, and that they did not accord plaintiff the privileges guaranteed to him under the civil rights laws, or that they improperly assaulted and ejected him from the premises or used unnecessary force and violence in so doing.

As there is no evidence to sustain the second cause of action, it was error to submit any question concerning it to the jury. It is impossible to tell from the record whether the jury allowed damages under one or both causes of action. Hence the judgment must be reversed and the cause remanded for a

new trial upon the matters alleged as to the first cause of action. It is so ordered.

HADLEY, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.

FULLERTON, J. (dissenting)— As I read the record, there was evidence tending to support both causes of action, and I do not think, therefore, that the trial court erred in its submission of the cause to the jury. The judgment should be affirmed.