[No. 20901. Department One. March 27, 1928.]

WINIFRED J. GURREN, *Respondent,* v. DANIEL CASPERSON
*et al., Appellants,* JOHN M. SULLIVAN,
*Defendant.*[1]

[1] INNKEEPERS (1-1)—ASSAULT BY ONE GUEST ON ANOTHER—LIA-
BILITY OF HOTEL PROPRIETOR. An assault on a guest in a hotel
by another guest, after the proprietor had been warned of a
prior molestation by the same guest, who was intoxicated, ren-
ders the proprietor liable in damages for the injuries suffered.

Appeal from a judgment of the superior court for
King county, Griffiths, J., entered March 29, 1927,
upon findings in favor of the plaintiff in an action in
tort. Affirmed.

*R. C. Hazen,* for appellants.

*Frank M. Egan* and *George A. Meagher,* for respond-
ent.

FRENCH, J.—The defendants Casperson owned and
operated the Commodore Hotel in Seattle, Washing-
ton. They had the usual employees of hotels of the
size of this, consisting of a day and night clerk, bell
boys, switch board operator, etc. The plaintiff oc-
cupied a room in the hotel, and in her complaint al-
leges that she was a guest of the hotel, and this allega-
tion is admitted by the answer of the defendants.

On the evening of September 11, 1926, the plaintiff
returned to the hotel at about 11:30 p. m., and went to
her room. Very shortly thereafter the defendant Sul-
livan entered plaintiff's room, and it at once became
apparent that he was intoxicated. He refused to leave
the room, when ordered to do so by the plaintiff,
and she immediately called the clerk on the house

¹Reported in 265 Pac. 472.

'phone and some one of the employees of the hotel immediately came up and the defendant Sullivan was ejected. The plaintiff again called the clerk of the hotel and requested that the defendant Sullivan be kept away from her room. A short time thereafter, the plaintiff unlocked her door and started to cross the corridor, when she was assaulted by the defendant Sullivan who struck her, knocked her down, cutting her face, and beating her until she was unconscious. The testimony is conclusive that the plaintiff did not know the defendant Sullivan and had never seen him before the night of the assault.

The plaintiff brought this action against the defendants Casperson as owners and proprietors of the hotel, and against Sullivan who actually committed the assault.

The case was tried before the court without a jury, and from a judgment in favor of the plaintiff the defendants Casperson have appealed.

No error is predicated upon the admission or rejection of testimony, nor upon any of the findings of fact. Error seems to be predicated upon the refusal of the court to grant a new trial on the ground of newly discovered evidence. A careful examination of the affidavits filed in support of the motion for a new trial fails to disclose that the trial court erred in denying the motion for a new trial.

[1] The only other question in the case concerns the duty which a landlord of a hotel owes to his guests.

"The proprietor of any public house of entertainment may be answerable for the acts of one of his patrons as well as of his servant. He owes a duty to those who come to his place to protect them from insult or other annoyances or dangers." 14 R. C. L. 508.

"The innkeeper must protect his guests while in the inn against injury at the hands of third persons,

whether they are guests or strangers, where it is within the power of himself or his servants so to do.'' 32 C. J. 562.

Many of the cases examined seem to indicate that the duty of the landlord to protect his guests from assault is absolute, and that he owes that same high degree of care to his guest that a common carrier owes to its patrons. Others indicate the rule to be that the landlord must use ordinary care, but all cases and text writers hold that the landlord owes the guest some duty and must furnish some protection. Some of the cases examined and which discuss the question involved are: *Curran v. Olson,* 88 Minn. 307, 92 N. W. 1124, 97 Am. St. 517, 60 L. R. A. 733; *Rommel v. Schambacher,* 120 Pa. St. 579, 11 Atl. 779, 6 Am. St. 732; *Molloy v. Coletti,* 114 Misc. Rep. 177, 186 N. Y. Supp., 730; *Bruner v. Seelbach Hotel Co.,* 133 Ky. 41, 117 S. W. 373; *Chase v. Knabel,* 46 Wash. 484, 90 Pac. 642, 12 L. R. A. (N. S.) 1155.

While these cases are not all strictly in point, yet the reasoning contained therein is very persuasive. Here, we have a guest in a hotel assaulted by another guest, after the landlord had been expressly warned of the possibility of this happening, and after the assaulted guest had demanded from the clerk of the hotel protection against the acts of the wrongdoer.

Under circumstances such as are disclosed by this record, the plaintiff is entitled to recover.

Judgment affirmed.

TOLMAN, MITCHELL, and PARKER, JJ., concur.