[No. 35659.   Department One.   July 6, 1961.]

RALPH BERNDT, *Respondent,* v. E. K. HAMMER *et al., Apellants,* JIM D. WHITE, *Defendant.**

*Reported in 363 P. (2d) 393.

*Bruce Maines* and *William R. Lanthorn,* for appellants.

*Leo M. Koenigsberg* and *William W. Brown,* for respondent.

ROSELLINI, J.—On the evening of July 4, 1958, the plaintiff drove his automobile to a service station owned by the defendants Hammer and at that time being operated by an employee, the defendant John Kramp. The plaintiff requested that Kramp lubricate the automobile while he and his family attended a fireworks display nearby. Upon their return, they found the automobile parked in the same spot in which they had left it and doubted that it had been lubricated. When the plaintiff expressed these doubts to Kramp, the latter told him that he need not pay for the work.

The plaintiff insisted upon examining the engine with a flashlight and asked that Kramp put the vehicle on the "lube" rack. Kramp, who was in the process of closing the station for the night, refused.

The plaintiff, nevertheless, decided to pay for the lubrication and asked for a receipt. He was not satisfied with the one given him by Kramp and asked for an itemized receipt. Kramp thought that he wanted a receipt detailing each item of lubrication and told him that he had no such receipt. At this point the defendant White appeared; he was also a part-time employee at the station, but was not on duty that night. White asked what the trouble was. Kramp told him that the plaintiff did not believe his car had been lubricated. White said that it had been, because he had witnessed the work being done earlier in the evening. A dispute then developed between White and the plaintiff and White struck the plaintiff, fracturing his nose.

Kramp promptly furnished a wet towel to the plaintiff for his nose, but said nothing to White. At this point the plaintiff's wife intervened; she announced that she was a

policewoman and that she was going to get a policeman. When she returned without the policeman, another dispute arose and White dealt the plaintiff another blow. The plaintiff then got into his car, along with the passengers who were riding with him, and drove away. White went his separate way; and Kramp finished closing the station and left.

The witnesses all agreed that both blows were struck without warning.

The jury returned a verdict in favor of the plaintiff against the defendant White, but exonerated the defendants Kramp and Hammer. A motion for judgment n.o.v. against these defendants was granted and they have appealed.

It is an established rule that a motion for judgment notwithstanding the verdict involves no element of discretion and will not be granted unless the court can say, as a matter of law, that there is neither evidence nor reasonable inference from the evidence sufficient to sustain the verdict. *Pritchett v. Seattle*, 53 Wn. (2d) 521, 335 P. (2d) 31; *Omeitt v. Department of Labor & Industries*, 21 Wn. (2d) 684, 152 P. (2d) 973.

The respondents argue, in support of the judgment n.o.v. against the defendants Kramp, that inasmuch as there was no evidence that Kramp did anything to prevent the blows, he was negligent as a matter of law, and this negligence was a proximate cause of the plaintiff's injuries.

The applicable rule is stated in 2 Restatement, Torts, 953, § 348, as follows:

"A public utility or other possessor of land who holds it out to the public for entry for his business purposes, is subject to liability to members of the public while upon the land for such a purpose for bodily harm caused to them by the accidental, negligent or intentionally harmful acts of third persons or animals if the possessor by the exercise of reasonable care could have
  (a) discovered that such acts were being done or were about to be done, and
  (b) protected the members of the public by
    (i) controlling the conduct of the third persons, or

(ii) giving a warning adequate to enable them to avoid the harm without relinquishing any of the services which they are entitled to receive from a public utility."

No attempt is made to support the judgment on the theory that Kramp failed to give an adequate warning. But the plaintiff contends that he could have controlled the conduct of White had he attempted to do so.

■ It will be observed that the duty to act arises only where the owner or possessor has discovered, or in the exercise of reasonable care should have discovered that harmful acts were being done or were about to be done. There was in this case no evidence that Kramp had any knowledge that White was likely to be abusive to customers. So far as the first blow was concerned, the testimony was all in accord that it came without warning; and the testimony was also to the effect that all those present were surprised when the second blow was struck. The jury could find that, since it came as a surprise to the friendly witnesses who were in the plaintiff's car, it also came as a surprise to Kramp.

■ The jury was also entitled to consider the fact that during most of the interim between the blows, Kramp, White, the plaintiff, and the witnesses were all quietly awaiting the return of the plaintiff's wife with a policeman, and from this they may well have concluded that Kramp could reasonably assume that, since the advent of a representative of the law was imminent, there would be no further violence. In short, the evidence does not point conclusively to negligence on the part of the defendant Kramp, and it was for the jury to decide whether in the exercise of reasonable care, he should have acted to prevent the attacks upon the plaintiff.

The respondents cite the case of *Gurren v. Casperson*, 147 Wash. 257, 265 Pac. 472, wherein this court sustained a judgment upon a verdict in favor of a woman hotel guest who had been assaulted by another guest, a man who was drunk. In that case, the plaintiff had previously notified the clerk that the man was annoying her and requested that

he be kept away from her room. Citing the facts that the landlord had been expressly warned of the possibility of the assault and had failed to heed the demand of the plaintiff to protect her against the assailant, the court found the evidence sufficient to sustain the verdict in her favor. The case does not support the respondent's contention that negligence was established in this case as a matter of law.

The argument of the respondent in support of the judgment n.o.v. against the defendants Hammer, is that E. K. Hammer ratified White's act. Such ratification occurs only where the employer has knowledge of the employee's wrongful act. 2 Am. Jur. 175, § 220. The defendant E. K. Hammer testified that the report which he received from his employees was that the plaintiff was the aggressor. Whether he was telling the truth about the report and whether it was reasonable for him to believe it, were questions for the jury to decide and not for the court.

The judgment is reversed and the verdict reinstated.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.