[No. 16188-1-I.  Division One.  February 23, 1987.]

ANTON RIKSEM, *Appellant,* v. THE CITY OF SEATTLE, *Respondent.*

*Jan Eric Peterson, Peterson, Bracelin, Young, Putra & Fletcher, Inc., P.S., Paul Drachler,* and *Gibbs, Douglas, Theiler & Drachler,* for appellant.

*Douglas N. Jewett, City Attorney,* and *J. Roger Nowell, Assistant,* for respondent.

SCHULTHEIS, J.*—Anton Riksem appeals from the dismissal of his complaint on summary judgment, assigning error to the trial court's finding that his suit against the City of Seattle is barred by RCW 4.24.210 (recreational use statute) and that the statute is not violative of the state and federal constitutions.

## FACTS

On a sunny warm Monday, June 11, 1979, Anton Riksem, an experienced cyclist and sometime racer, cycled the entire

---

*This appeal was heard by a Supreme Court Justice, a Superior Court Judge, and a retired Superior Court Judge sitting as Court of Appeals Judges Pro Tempore in Division One.

12½-mile length of the Burke–Gilman Trail. Once he reached the northern terminus of the trail he turned around to return to his truck which was located 12½ miles away at the southern terminus, Gasworks Park. As he was cycling the trail, Riksem came up behind another cyclist traveling in the same direction but traveling more slowly than he was. Riksem decided to pass and moved to his left to accomplish this task. However, a jogger was coming from the opposite direction, so he retreated and pulled in behind the other cyclist once again. He then steered to the right and accelerated to pass the other cyclist on the far right–hand side of the trail, to the right of the other cyclist. As he did this, he was in a racing position.[1] When Riksem looked up there was a jogger directly in front of him. Immediately, a collision between Riksem and Silas Wild, the jogger, occurred resulting in considerable injury to both. At the time of the collision Riksem estimated, and was estimated by others to be traveling at a rate of approximately 12 to 14 miles per hour.

Riksem sued the City of Seattle for personal injuries sustained in the collision on the Burke–Gilman Trail. Riksem asserts the City negligently and recklessly designed, constructed, maintained and operated the Burke–Gilman Trail by failing to provide adequate signs, trail markings, or any traffic control and allowing multiple vehicular and pedestrian uses without such devices, controls, markings, rules or regulations.

The trial court granted the City's motion for summary judgment. Riksem appeals.

## STANDARD OF REVIEW

When reviewing summary judgments the appellate court "engages in the same inquiry as the trial court." *Hartley v. State,* 103 Wn.2d 768, 698 P.2d 77 (1985). In determining whether a genuine issue exists to any material fact, "[t]he court must consider all facts submitted and all reasonable

---

[1]This racing position has Riksem bent over, his back parallel to the bar and to the ground.

inferences from the facts in the light most favorable to the nonmoving party." *Wilson v. Steinbach,* 98 Wn.2d 434, 437, 656 P.2d 1030 (1982).

Does the Washington recreational use statute, RCW 4.24.210, shield the City from liability?

Pertinent parts of RCW 4.24.200 and .210 are as follows:

4.24.200 Liability of owners or others in possession of land and water areas for injuries to recreation users—Purpose. The purpose of RCW 4.24.200 and 4.24.210 is to encourage owners or others in lawful possession and control of land and water areas or channels to make them available to the public for recreational purposes by limiting their liability toward persons entering thereon and toward persons who may be injured or otherwise damaged by the acts or omissions of persons entering thereon.

4.24.210 Liability of owners or others in possession of land and water areas for injuries to recreation users—Limitation. Any public or private landowners or others in lawful possession and control of any lands whether rural or urban, or water areas or channels and lands adjacent to such areas or channels, who allow members of the public to use them for the purposes of outdoor recreation, which term includes, but is not limited to, . . . hiking, bicycling, the riding of horses or other animals, . . . nature study, . . . viewing or enjoying historical, archaeological, scenic, or scientific sites, without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users: *Provided* . . . That nothing in this section shall prevent the liability of such a landowner or others in lawful possession and control for injuries sustained to users by reasons of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted: . . .

Riksem contends the statute does not limit the City's liability on a mixed use trail for five reasons. These reasons are: (1) the statute must be read in conjunction with other statutes, (2) the City did not "open up" property not otherwise available for recreational use, (3) the statute violates public policy, (4) the City knew of the existence of a dangerous artificial latent condition, (5) the City's conduct

was willful and/or wanton. We do not agree.

The purpose of the statute is the encouragement and the impetus to the private and public landowner to make land available for public recreational purposes. This is done by limiting the landowners' liability with limited exceptions. These exceptions are: (1) when a fee is charged; (2) when injuries are intentionally caused; (3) when injuries are sustained "by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted". RCW 4.24.210. *See McCarver v. Manson Park & Rec. Dist.*, 92 Wn.2d 370, 597 P.2d 1362 (1979); *Ochampaugh v. Seattle*, 91 Wn.2d 514, 588 P.2d 1351 (1979).

The contention of Riksem that the statute should not apply, or at least be read in pari materia with, and superseded by, other Washington statutes governing trails and paths is not correct.

■ The emphasis of the "trails and paths" statute, RCW 47.30, is on the establishment and planning for new trails and paths, providing funding, and preserving them once they have been constructed. The statute is silent concerning the liability of landowners who own the trails and paths. The doctrine of in pari materia speaks when there is more than one legislative enactment which could apply. If possible, both statutes should be interpreted to give meaning and effect to each. *Davis v. County of King*, 77 Wn.2d 930, 468 P.2d 679 (1970). The two statutes are complementary and as such should be given the weight to which they are entitled.

■ Riksem is arguing that a successor in interest is not entitled to the immunity of the recreational use statute as he is not fulfilling the stated purpose of encouraging the *opening* of new lands for recreational use. The statute clearly states it is an encouragement for owners/possessors in control of land to make it available to the public for recreational purposes by the limiting of their liability. It would not make sense to provide immunity to only those owners who originally open up the land for recreational purposes.

In Washington "[a] statute is to be construed with reference to its manifest object, and if the language is susceptible of two constructions, one of which will carry out and the other defeat the manifest object, it should receive the former construction." *Roza Irrig. Dist. v. State,* 80 Wn.2d 633, 637–38, 497 P.2d 166 (1972). *See also Power v. Union Pac. R.R.,* 655 F.2d 1380, 1387 (9th Cir. 1981). The manifest object of the recreational use statute is to provide free recreational areas to the public on land and in water areas that might not otherwise be open to the public.

■ A statute is not subject to an objection on a ground that it contravenes public policy. When the Legislature enacts the statute it becomes public policy. A statute cannot be judicially declared invalid unless it clearly is in conflict or violative of the state or federal constitution. *Clark v. Dwyer,* 56 Wn.2d 425, 353 P.2d 941 (1960), *cert. denied,* 364 U.S. 932 (1961); *Gruen v. State Tax Comm'n,* 35 Wn.2d 1, 211 P.2d 651 (1949). *See also English v. Marin Mun. Water Dist.,* 66 Cal. App. 3d 725, 136 Cal. Rptr. 224, 227–28 (1977). Public policy is left up to the State Legislature.

Riksem's contention that the failure to sign the trail proximately caused his injuries is also misplaced. As here, the facts in *Power v. Union Pac. R.R.,* 655 F.2d 1380 (9th Cir. 1981) indicate the injury resulted from an *activity,* not from a condition of the land. In *Power,* the Circuit Court reasoned, "Moreover, in no way could the presence of a speeding locomotive be considered 'latent'. The tracks, without more, put a reasonable person on notice that a train may appear . . ." *Power,* at 1388. In this case, Riksem had ridden more than 12½ miles on the trail. He had ridden the Burke–Gilman Trail before. He certainly knew of the possibility of joggers, as he had aborted one attempt to pass another cyclist because of a runner before the unsuccessful pass on the right. The trail itself would put a reasonable person on notice to watch out for joggers, pedestrians and other cyclists.

Finally, Riksem asserts the City's failure to post warning signs was willful and wanton, thus the City should be liable

even if the statute applies. It is not clear how the City could be said to have intended Mr. Riksem's injury. The causal connection between the City's alleged negligence and the accident "is too attenuated . . . to impose liability." *Hartley v. State,* 103 Wn.2d 768, 785, 698 P.2d 77 (1985).

The second issue raised by appellant Riksem is whether the recreational use statute permits a violation of the equal protection clause of the federal and state constitutions.

Riksem contends a commuter, either walking or on a bicycle, is not involved in a recreational use of the Burke–Gilman Trail. These nonrecreational users would have the added protection that, as to them, the landowners could not invoke the immunity of the statute. Thus recreational users are treated differently and denied equal protection.

The equal protection provision requires that "persons similarly situated with respect to the legitimate purpose of the law receive like treatment." *Harmon v. McNutt,* 91 Wn.2d 126, 130, 587 P.2d 537 (1978). The class distinction forwarded by Riksem does not exist. The statute applies equally to everyone who enters a recreational area. If an individual is commuting from one point to another, by either walking, running, or bicycling, said individual is at least secondarily gaining the benefits of recreation even though his primary goal may be the actual act of commuting.

Although not decided on constitutional grounds, the Washington Supreme Court in *McCarver v. Manson Park & Rec. Dist., supra,* declined to impose construction upon the statute limiting the liability of owners and occupiers for unintentional injuries to recreational users which would limit the scope of said section to land primarily used for other purposes but with incidental recreational uses as well. Land which was primarily used for recreational purposes having other incidental uses would certainly apply under the statute as well. Here, both Riksem and Wild were using the Burke–Gilman Trail for recreational purposes on the day of the accident.

Riksem further contends a violation of his constitu-

tional right to equal protection exists if he is barred from suing the City, as this prohibition violates his fundamental right to travel. Riksem cites numerous cases showing travel as a fundamental right. However, appellant fails to explain how it applies in this instance. Assignments of error unsupported by citation of authority or legal argument will not be considered by the court. *Hamilton v. State Farm Ins. Co.,* 83 Wn.2d 787, 523 P.2d 193 (1974). To be sure, the facts of these cases are considerably different and can easily be distinguished from the case at hand. Riksem's right to travel within the borders of the United States is not and has not been impinged by the statute in question.

Statutes similar to Washington's recreational use statute have been enacted in 40 other states. Although never challenged in Washington, equal protection arguments have been made in other states but have been rejected by the various courts. *See Sublett v. United States,* 688 S.W.2d 328 (Ky. 1985); *Ostergren v. Forest Preserve Dist.,* 104 Ill. 2d 128, 471 N.E.2d 191 (1984); *Lostritto v. Southern Pac. Transp. Co.,* 73 Cal. App. 3d 737, 140 Cal. Rptr. 905 (1977); *English v. Marin Mun. Water Dist.,* 66 Cal. App. 3d 725, 136 Cal. Rptr. 224 (1977); *Johansen v. Reinemann,* 120 Wis. 2d 100, 352 N.W.2d 677 (Ct. App. 1984); *Johnson v. Sunshine Mining Co.,* 106 Idaho 866, 684 P.2d 268 (1984); *Fetherolf v. Department of Natural Resources,* 7 Ohio App. 3d 110, 454 N.E.2d 564 (1982); *Moss v. Department of Natural Resources,* 62 Ohio St. 2d 138, 404 N.E.2d 742 (1980).

The trial court is affirmed.

COLE and DOLLIVER, JJ. Pro Tem., concur.

Review denied by Supreme Court July 1, 1987.