203 P.3d 389 (2009)
Penny C. VAN SCOIK, an individual, Appellant,
v.
STATE of Washington, DEPARTMENT OF NATURAL RESOURCES, Kodiak Security Services, Inc., a corporation, Respondents,
Shauna Van Zandt and John Doe Van Zandt, wife and husband, Defendants.
No. 27025-4-III.
Court of Appeals of Washington, Division 3.
March 19, 2009.
*390 Dustin Douglass Deissner, Van Camp & Deissner, Spokane, WA, for Appellant.
Patrick Francois Delfino, Ewing Anderson, P.S., Spokane, WA, Jarold Phillip Cartwright, Attorney General's Office, Tort Division, Spokane, WA, for Respondents.
KULIK, J.
¶ 1 During a fight at the Long Lake Campground, Shauna Van Zandt hit Penny Van Scoik on the head with a metal baseball bat. Ms. Van Scoik sued the State of Washington, Department of Natural Resources (collectively DNR), which owned the campground, Kodiak Security Services, Inc., which provided security at the campground, and Ms. Van Zandt. The trial court entered a default judgment against Ms. Van Zandt and granted summary judgment dismissing the case against both DNR and Kodiak. Ms. Van Scoik appeals, arguing that DNR and Kodiak are liable because the recreational land use immunity statute, RCW 4.24.210, does not apply to intentional injuries. We agree that there is no immunity under RCW 4.24.210, but we also conclude that DNR and Kodiak are not liable for Ms. Van Scoik's injuries under the common law. Accordingly, we affirm.

FACTS
¶ 2 The Long Lake Campground is a public campground which is owned by the State of Washington and operated by the Department of Natural Resources. No fee is charged to camp or use the park. DNR contracted with Kodiak to provide security services at the campground. Kodiak's duties included monitoring and enforcing parking procedures, monitoring proper public behavior, assisting campground hosts with problem patrons, and furnishing "unarmed campground and recreation area security for the protection of all patrons and real property now or hereby owned, leased or possessed by the DNR in the Long Lake Campground and Recreation Area." Clerk's Papers (CP) at 51.
¶ 3 A fight started at the campground after Todd Hegel accused Jesse Van Scoik, Ms. Van Scoik's son, of whistling inappropriately at Mr. Hegel's 14-year-old sister. During the fight, Penny Van Scoik intervened to protect Jesse and was hit on the head with a metal baseball bat by Shauna Van Zandt.
¶ 4 A camper told Judy Hegel, the campground host, about the fight. Ms. Hegel responded with two security guards  one guard rode in her truck and the other guard traveled by golf cart.
¶ 5 Ms. Hegel and the security guards saw a gathering of people and a woman, Ms. Van Scoik, who was holding her head. The fighting had stopped. Ms. Hegel discovered that her former stepson, Todd Hegel, had been involved in the fight. Stevens County law enforcement officers and medical aid responded to the incident.
¶ 6 Ms. Van Scoik sued Shauna Van Zandt, DNR, and Kodiak. The court entered a default judgment against Ms. Van Zandt and granted summary judgment dismissing the case against DNR and Kodiak.

ANALYSIS
¶ 7 Standard of Review. A trial court's order of summary judgment is reviewed de novo. The appellate court engages in the same inquiry as the trial court. Swinehart v. City of Spokane, 145 Wash.App. 836, 843, 187 P.3d 345 (2008). Summary judgment is appropriate if the court finds there is no genuine issue of material fact when all the facts are construed in favor of the nonmoving party. Id. at 844, 187 P.3d 345. For the purposes of summary judgment, a question of fact can be determined as a matter of law if reasonable minds could reach but one conclusion. Id.
¶ 8 The construction of a statute is a question of law reviewable de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wash.2d 1, 9, 43 P.3d 4 (2002). If a statute's meaning is plain on its face, we must give effect to that meaning as an expression of legislative intent. Id. at 9-10, 43 P.3d 4. The plain meaning of a statute is discerned from the ordinary meaning of the words, the legislative purpose, and closely related statutes. Id. If the statute remains susceptible to more than one reasonable meaning, it is *391 ambiguous and we may turn to aids of construction. Id. at 12, 43 P.3d 4.
¶ 9 RCW 4.24.210. "Washington's recreational use statutes were intended to modify the common law duty owed to public invitees so as to encourage landowners to open up their lands to the public for recreational purposes." Davis v. State, 144 Wash.2d 612, 616, 30 P.3d 460 (2001). Specifically, RCW 4.24.210 reads, in part:
(1) [A]ny public or private landowners or others in lawful possession and control of any lands ... who allow members of the public to use them for the purposes of outdoor recreation, which term includes, but is not limited to ... camping ... without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users.
....
(4) Nothing in this section shall prevent the liability of a landowner or others in lawful possession and control for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted.
¶ 10 This statute gives landowners immunity from liability unless: (1) a fee is charged, (2) the injury inflicted was intentional, or (3) the injury was caused by a known dangerous artificial latent condition and no warning signs were posted. Davis, 144 Wash.2d at 616, 30 P.3d 460.
¶ 11 It is undisputed that the Long Lake Campground did not charge a camping fee and that Ms. Van Scoik suffered an intentional injury. Also, there is no allegation of a known dangerous artificial latent condition. Thus, the issue here is whether Ms. Van Scoik's injury falls under the intentional injury exception to the recreational land use immunity statute.
¶ 12 Ms. Van Scoik argues that the recreational land use immunity statute provides that the landowner is not liable for any unintentional injury and so, conversely, the landowner should be liable for an intentional injury. DNR and Kodiak argue that they are immune under the statute. They maintain that the plain language of the statute shows an intent to provide immunity for intentional acts inflicted by landowners and granted no immunity for intentional injuries inflicted by one recreational user on another.
¶ 13 This view is overly broad. RCW 4.24.210 is in derogation of the common law rules of liability of landowners and must be strictly construed. Matthews v. Elk Pioneer Days, 64 Wash.App. 433, 437, 824 P.2d 541 (1992). Under RCW 4.24.210, "public or private landowners or others in lawful possession and control of any lands ... or water areas ... shall not be liable for unintentional injuries to such users." (Emphasis added.) The plain language of the statute provides that the immunity is limited to unintentional, not intentional, injuries regardless of who causes them. In Power v. Union Pacific Railroad, 655 F.2d 1380, 1387 (9th Cir.1981), the court pointed out that the statute referred to "unintentional injuries" to property users, not "unintentional conduct."
¶ 14 Kodiak argues that the cases indicate that the unintentional exception refers only to acts by the landowner's or possessor's acts. To support its argument, Kodiak relies on Riksem v. City of Seattle, 47 Wash.App. 506, 736 P.2d 275 (1987), Jones v. United States, 693 F.2d 1299 (9th Cir.1982), and Power.
¶ 15 But these cases are not helpful here. In Riksem, the court concluded that there was no causal relationship between the city's alleged negligence and the accident. Riksem, 47 Wash.App. at 511-12, 736 P.2d 275. In Power, the court pointed out that the engineer's conduct was not "unintentional" within the statute because the statute referred to "unintentional injuries" to property users, not "unintentional conduct." Power, 655 F.2d at 1387. In Jones, the court concluded that the recreational use statute applied and then considered whether the government's failure to put up signs was willful and wanton. Jones, 693 F.2d at 1304-05. This inquiry required the scrutiny of the landowner's actions.
¶ 16 RCW 4.24.210 does not grant immunity for intentional injuries. As a result, DNR and Kodiak have no immunity from Ms. Van Zandt's intentional injuries. *392 Because this statute grants no immunity to DNR and Kodiak, these injuries must be evaluated under the common law.
¶ 17 Common Law. "`There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or (b) a special relation exists between the actor and the other which gives to the other a right to protection.'" Taggart v. State, 118 Wash.2d 195, 218, 822 P.2d 243 (1992) (quoting RESTATEMENT (SECOND) OF TORTS § 315 (1965)).
¶ 18 "[A] special relationship exists between a business and an invitee because the invitee enters the business premises for the economic benefit of the business." Nivens v. 7-11 Hoagy's Corner, 133 Wash.2d 192, 202, 943 P.2d 286 (1997). But DNR is not a business and no fee was charged. In McLeod v. Grant County School District No. 128, 42 Wash.2d 316, 319-20, 255 P.2d 360 (1953), the court found a special relationship between a school district and a school child. In Petersen v. State, a special relationship was found where the State had a duty to take reasonable precautions to protect others from a recently released psychiatric patient who injured a third party in a car accident. Petersen v. State, 100 Wash.2d 421, 432, 671 P.2d 230 (1983). The type of relationships found in Nivens, McLeod, and Petersen are not found here.
¶ 19 Relying on Gurren v. Casperson, 147 Wash. 257, 265 P. 472 (1928) and Bernethy v. Walt Failor's, Inc., 97 Wash.2d 929, 653 P.2d 280 (1982), Ms. Van Scoik argues that DNR had a special relationship with her and with Todd.
¶ 20 In Bernethy, the court, considering the trial court's grant of summary judgment, held that a gun shop owner may be liable to a third person for giving a firearm to an intoxicated person who then left the store and killed his wife. In Bernethy, the theory was negligent entrustment, which is not argued here.
¶ 21 In Gurren, the court considered the issue of whether an innkeeper was strictly liable or merely owed his guests a duty of care to protect them from harm by others. The court concluded that a relationship of innkeeper/guest gave rise to a duty of care that had been breached. The court noted that: "Here we have a guest in a hotel assaulted by another guest, after the landlord had been expressly warned of the possibility of this happening, and after the assaulted guest had demanded from the clerk of the hotel protection against the acts of the wrongdoer." Gurren, 147 Wash. at 259, 265 P. 472 (emphasis added). There is no evidence that DNR or Kodiak received warnings about Ms. Van Zandt.
¶ 22 Ms. Van Scoik argues that there was a special relationship between Ms. Hegel, the campground host, and Ms. Hegel's former stepson, Todd Hegel, such that DNR is liable. However, Todd Hegel did not cause Ms. Van Scoik's injury, so any relationship between Ms. Hegel and Todd Hegel is irrelevant. DNR is not liable for Ms. Van Scoik's injuries.
¶ 23 Kodiak was acting on behalf of DNR in providing security services and, therefore, "`is subject to the same liability, and enjoys the same freedom from liability, for physical harm caused thereby to others upon and outside of the land as though he were the possessor of the land.'" Jarr v. Seeco Constr. Co., 35 Wash.App. 324, 328, 666 P.2d 392 (1983) (emphasis added) (quoting RESTATEMENT (SECOND) OF TORTS § 383). Both Kodiak and DNR have no liability for the intentional injuries caused by Ms. Van Zandt.
¶ 24 Ms. Van Scoik also argues that Kodiak had a duty to her as a third party beneficiary of DNR's contract with Kodiak to provide security at the campground. "Whether an action sounds in contract or tort is determined from the pleadings and complaint as a whole." Gazija v. Nicholas Jerns Co., 86 Wash.2d 215, 218, 543 P.2d 338 (1975). Ms. Van Scoik's complaint, under "Cause of Action," reads: "The actions/omissions of Defendants as set forth above constitute assault, battery, negligence, gross negligence, dereliction of duty, reckless endangerment, and tortious conduct." CP at 8. She does not assert a breach of contract and the cause of *393 action clearly states an action in tort. Moreover, Ms. Van Scoik is only an incidental or indirect beneficiary of the contract. Donald B. Murphy Contractors, Inc. v. King County, 112 Wash.App. 192, 196-97, 49 P.3d 912 (2002).
¶ 25 We affirm the trial court's grant of summary judgment in favor of the State of Washington, Department of Natural Resources, and Kodiak.
WE CONCUR: SCHULTHEIS, C.J., and KORSMO, J.