**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 13 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TODD FOSTER, | No. 11-35662 |
| Plaintiff - Appellant, | D.C. No. 3:11-cv-05171-RBL |
| v. | |
| STATE OF WASHINGTON; ELDON VAIL; JOSEPH LEHMAN, | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted August 9, 2012[**]
Seattle, Washington

Before:  BLACK,[***] GRABER, and RAWLINSON, Circuit Judges.

Plaintiff Todd Foster appeals the district court's order granting judgment on

the pleadings to Defendants State of Washington, Eldon Vail, and Joseph Lehman.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously finds this case suitable for decision without oral argument.  Fed. R. App. P. 34(a)(2).

[***]  The Honorable Susan H. Black, Senior United States Circuit Judge for the Eleventh Circuit, sitting by designation.

Reviewing de novo, <u>Kotrous v. Goss-Jewett Co. of N. Cal.</u>, 523 F.3d 924, 929 (9th Cir. 2008), we affirm.

On appeal, Plaintiff does not challenge the district court's finding that "Plaintiff was not eligible for early release because he did not provide a valid release address pursuant to [Revised Code of Washington section] 9.94A.729(5)(b)." That holding conclusively undermines Plaintiff's claims. Plaintiff's failure to submit a valid application—and not any alleged miscalculation by Defendants of Plaintiff's early release date—was the cause of Defendants' alleged failure to provide Plaintiff with release to community custody. <u>See</u> <u>Harper v. City of Los Angeles</u>, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must . . . demonstrate that the defendant's conduct was the actionable cause of the claimed injury."); <u>Bernethy v. Walt Failor's, Inc.</u>, 653 P.2d 280, 282 (Wash. 1982) (holding that, to establish a claim of negligence, a plaintiff must establish, among other things, that "there was a sufficiently close, actual, causal connection between defendant's conduct and the actual damage suffered by plaintiff" (internal quotation marks omitted)). Similarly, Plaintiff's failure to submit a valid application meant that no state-law duty to release him ever arose. <u>See</u> <u>Stalter v. State</u>, 86 P.3d 1159, 1162 (Wash. 2004) ("It is well established that a

jail is liable for false imprisonment if it holds an individual for an unreasonable time <u>after it is under a duty to release the individual</u>." (emphasis added)).

**AFFIRMED.**