**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRENDAN MCKOWN, a single individual, | No. 11-35461 |
| Plaintiff - Appellant, | D.C. No. 3:08-cv-05754-BHS |
| v. | MEMORANDUM<sup>*</sup> |
| SIMON PROPERTY GROUP INC, a Delaware corporation doing business as Tacoma Mall and IPC INTERNATIONAL CORPORATION, an Illinois corporation, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted May 7, 2012
Seattle, Washington

Before: GOULD, BYBEE, and BEA, Circuit Judges.

Brendan McKown appeals from summary judgment in favor of Defendants

Simon Property Group, Inc. ("Simon") and IPC International Corp. ("IPC"). We

---

    <sup>*</sup>    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

have jurisdiction under 28 U.S.C. § 1291. We previously stayed proceedings in this case pending the Washington Supreme Court's response to three certified questions that have now been answered. *See McKown v. Simon Prop. Grp. Inc.*, 689 F.3d 1086 (9th Cir. 2012). We vacate in part, reverse in part, and remand.

Under Washington law, a business owner has a duty to protect invitees from "reasonably foreseeable criminal conduct by third persons." *Nivens v. 7-11 Hoagy's Corner*, 943 P.2d 286, 293 (Wash. 1997). In granting summary judgment to Simon, the mall owner, the district court held as a matter of law that the shooting was not reasonably foreseeable, because McKown failed to present competent evidence of prior similar criminal acts on the mall premises. The Washington Supreme Court has now clarified that a plaintiff need not always prove prior acts of similar conduct to establish that harm was reasonably foreseeable. *McKown v. Simon Prop. Grp. Inc.*, 344 P.3d 661, 667–68 & n.5 (Wash. 2015). Because the district court required McKown to introduce such evidence in order to survive summary judgment in favor of Defendant Simon, we vacate the district court's grant of summary judgment to Simon. We remand for the district court to consider, in the first instance, whether McKown can survive summary judgment in light of the Washington Supreme Court's new guidance.

The district court also granted summary judgment to IPC, concluding that the security company owed no duty of care to McKown where McKown failed to show that his status as a business invitee of Simon created a "special relationship" between IPC and McKown. The district court erred by applying this "special relationship" test. In Washington, when a security company contracts with a landowner to provide security services on the owner's property, and the security company acts on behalf of the owner to provide those services, the security company may be subject to the same liability for the physical harm caused by others as though the security company were the owner. *See Van Scoik v. Wash. Dep't of Natural Res.*, 203 P.3d 389, 392 (Wash. Ct. App. 2009); *Jarr v. Seeco Constr. Co.*, 666 P.2d 392, 395–96 (Wash. Ct. App. 1983); *cf. Folsom v. Burger King*, 958 P.2d 301, 310 (Wash. 1998) (security company owed no duty to restaurant employees where the security company's contract to provide services terminated ten months prior to the criminal act). McKown submitted evidence that Simon and IPC had a "Security Services Contract" under which IPC agreed to provide security services and equipment at the mall. Thus, IPC may owe a duty to McKown that derives from its "acting on behalf of" Simon. In the absence of any convincing evidence that the Washington Supreme Court would decide the

question differently, we are obligated to follow the intermediate appellate court's decisions. *See Nelson v. City of Irvine*, 143 F.3d 1196, 1206–07 (9th Cir. 1998).

Because the district court erred by relying on the lack of an apparent "special relationship" between McKown and IPC, we reverse the district court's grant of summary judgment to IPC. If, on remand, the district court concludes that Simon may be liable to McKown, then IPC may be liable to the same extent.

**VACATED IN PART, REVERSED IN PART, AND REMANDED.**

Each party shall bear its own costs.