[No. 86835-2.   En Banc.]
Argued May 3, 2012.    Decided September 13, 2012.

GAVIN J. CREGAN, *Respondent*, v. FOURTH MEMORIAL CHURCH, *Petitioner*.

*Matthew T. Ries* and *Eric R. Byrd* (of *Stamper Rubens PS*), for petitioner.

*Daniel E. Huntington* (of *Richter-Wimberley PS*), for respondent.

*Bryan P. Harnetiaux* and *George M. Ahrend* on behalf of Washington State Association for Justice Foundation, amicus curiae.

¶1 C. JOHNSON, J. — This case involves whether the recreational use immunity statute, RCW 4.24.200-.210, applies under the circumstances where a landowner, who otherwise operates an admission fee-based camp, allows a group access for no charge. During the group's stay at the camp, the plaintiff was injured when riding a slide on the property. The camp asserted recreational use immunity as a defense to the claim. On summary judgment, the trial court ruled that the camp was not immune from liability under the statute because it normally charged fees for the recreational use. This interlocutory appeal was certified after the trial court found there was likely a substantial ground for difference of opinion. We affirm and hold that recreational use immunity is not available under these circumstances because the property is not open to the general public.

## FACTS

¶2 Riverview Bible Camp is privately owned by Fourth Memorial Church, a nonprofit organization, and the petitioner in this case. Riverview offers a wide range of adventure activities, including a high rope course, a 40-foot outdoor climbing wall, "zip-lining," archery, paintball, a large water trampoline, an outdoor skate park, and a multilane

slide. RIVERVIEW BIBLE CAMP, http://www.riverviewbiblecamp
.com/activities.php# (last visited Aug. 31, 2012). It is finan-
cially viable through rental fees, donations, and assistance
from Fourth Memorial and is promoted through outreach,
flyers, brochures, DVDs (digital video disks), and a web site.
Generally, only secular or Christian groups are permitted to
rent Riverview. Individuals and walk-ins are not allowed. In
2008, Riverview allowed an organization named "Beats &
Rhythms" to use the facility at no charge under a rental and
indemnity agreement. It was the only group granted a fee
waiver in 2008 and 2009.

¶3 During Beats & Rhythms' stay at Riverview, respon-
dent Gavin Cregan was with the group and served as the
group's volunteer nurse. On the first day of the camp
program, Cregan and others rode on burlap bags down the
"Giant Slide," a multilane slide originally built for the
Spokane Expo '74 world's fair. Cregan rode the slide two or
three times, using a different lane each time. Clerk's Papers
at 5. On his last trip down, Cregan's legs lifted off the slide
after riding over the first hump. His left foot landed off the
burlap bag, caught the slide, and rolled under his leg. As a
result, Cregan suffered fractures, leaving him with perma-
nent motion restriction in his left leg and ankle.

¶4 Cregan brought a premises liability action against
Fourth Memorial. Fourth Memorial raised an affirmative
defense, asserting it was immune from liability under the
recreational use immunity statute, RCW 4.24.200-.210.
Fourth Memorial also cross-complained against Beats &
Rhythms, alleging that if found liable, it was entitled to
indemnification from the group pursuant to their rental
and indemnity agreement.

¶5 Cregan and Fourth Memorial filed cross motions for
summary judgment on the issue of Fourth Memorial's
statutory immunity defense. The trial court granted Cregan's
motion, striking the immunity defense, and denied Fourth
Memorial's motion. The trial court ruled that immunity was

unavailable as a matter of law because Fourth Memorial charged fees for the precise same use that Beats & Rhythms and Cregan were afforded.

¶6 Fourth Memorial sought interlocutory appeal of that decision. The trial court certified for discretionary review the question of whether RCW 4.24.200-.210 applied to this case. The appeal was transferred from the Court of Appeals to this court after we granted direct discretionary review.[1]

## ANALYSIS

■ ■ ¶7 Washington's recreational use statute, RCW 4.24.210, in relevant part, provides:

(1) Except as otherwise provided . . . any public or private landowners, . . . or others in lawful possession and control of any lands whether designated as resource, rural, or urban, or water areas or channels and lands adjacent to such areas or channels, *who allow members of the public* to use them for the *purposes of outdoor recreation*, which term includes, but is not limited to . . . hunting, fishing, camping . . . *without charging a fee of any kind therefor*, shall not be liable for unintentional injuries to such users.

(Emphasis added.) The purpose of the statute is to encourage landowners to open their lands to the public for recreational use by limiting their liability toward persons entering thereon. RCW 4.24.200. This statute modified common law premises liability regarding public invitees.[2] Because recreational use immunity is an affirmative defense, the landowner has the burden of proving it applies. On sum-

---

[1] Washington State Association for Justice Foundation submitted an amicus brief in support of Cregan.

[2] At common law, a landowner's duty depends upon the plaintiff's status as an invitee, a licensee, or a trespasser. Traditionally, Washington recognized only business invitees, but we broadened the invitee classification to include the " 'public invitee,' " defined as " 'a person who is invited to enter or remain on land as a member of the public for a purpose for which the land is held open to the public.' " *McKinnon v. Wash. Fed. Sav. & Loan Ass'n*, 68 Wn.2d 644, 650, 414 P.2d 773 (1966) (quoting Restatement (Second) of Torts § 332 (1965) and adopting its broader definition).

mary judgment, the trial court ruled immunity was unavailable as a matter of law. We review summary judgment orders and questions of statutory interpretation de novo.

■ ¶8 Significant here, to be immune under RCW 4.24.210(1) the landowner must establish that the use (1) was open to members of the public (2) for recreational purposes and (3) no fee of any kind was charged. Both parties agree that camping is a recreational use falling within the statute's scope. The parties disagree as to whether Fourth Memorial, as a matter of law, can establish that it meets the other two requirements.

■ ¶9 To establish the public requirement, Fourth Memorial characterizes Riverview's purposes as commercial recreational and public recreational. Fourth Memorial argues that when property has different purposes, courts have focused on the landowner's use at the particular time of the injury. It contends Cregan was a public user because he was charged no fee. Fourth Memorial then concludes that because the land was being used publicly, for recreational use, and for free at the time of the injury, recreational use immunity applies. Although Fourth Memorial relies on several cases for support, none are helpful here. The cases either involved nonrecreational versus recreational uses[3] or recreational use where no fee was ever charged.[4] Unlike in those cases, here, Fourth Memorial operates a commercial recreational facility, contending its secondary use is as a public facility. It distinguishes its commercial activities and argues "public" use is based solely on whether a fee was charged. This incorrectly assumes

---

[3] *Home v. N. Kitsap Sch. Dist.*, 92 Wn. App. 709, 965 P.2d 1112 (1998) (football field used for school events and public recreation when not in use for school events); *Widman v. Johnson*, 81 Wn. App. 110, 912 P.2d 1095 (1996) (road used for logging and recreation); *Gaeta v. Seattle City Light*, 54 Wn. App. 603, 774 P.2d 1255 (1989) (commercial or recreational).

[4] *McCarver v. Manson Park & Recreation Dist.*, 92 Wn.2d 370, 377, 597 P.2d 1362 (1979) (statute applies to land used exclusively for free recreation, such as public park).

that free access alone qualifies the injured person as a member of the public.

■ ■ ¶10 The public and free-use requirements under RCW 4.24.210(1) are separate inquiries. Key to resolving this case is whether Riverview was open to the public. "Public" is not defined in the statute. Where a term is undefined, we apply the plain meaning of the word and may consult a dictionary. *State v. Bustamante Gonzalez*, 168 Wn.2d 256, 263, 226 P.3d 131 (2010). "[P]ublic" means "[o]pen or available for all to use, share, or enjoy." BLACK'S LAW DICTIONARY 1348 (9th ed. 2009). Fourth Memorial argues it is required to open its land only to *members* of the public and not the entire general public at all times for the statute to apply. Meaning, a landowner is not required to let everyone onto its land to have statutory immunity. But the inquiry is whether Fourth Memorial allowed Beats & Rhythms to use its property as a member of the *public*. If the property is not open to the public, then immunity does not attach.

■ ¶11 Landowners who open their lands to the public may be able to restrict some access and still qualify for recreational use immunity, but the line between what is considered "public" despite some restriction and only private use will depend on the specific facts at hand. The facts surrounding access are viewed objectively. *See, e.g., Nielsen v. Port of Bellingham*, 107 Wn. App. 662, 668, 27 P.3d 1242 (2001). Permissible restriction could include limiting the types of recreational activity allowed on the land. For example, a landowner that permits the public to hike or picnic may wish to prohibit the public from hunting on its land. A landowner may also allow public access only during nonbusiness times. *See Home v. N. Kitsap Sch. Dist.*, 92 Wn. App. 709, 712, 965 P.2d 1112 (1998) (public permitted to use field except during school events). In all of these examples, the land is still held open to the public. (That is, anyone is welcome to hike or picnic even though hunting is not allowed; or anyone is welcome to use the football field

during permitted hours.) To qualify for immunity under the statute, however, a landowner cannot restrict access by discriminating against the user based on personal traits.[5] When an owner excludes people in this way—that is, has a selective invitation to enter the land—the land is no longer open to the public, that is, for all to use or enjoy.

¶12 Here, the facts establish that the camp is not open to the public. The rental policy restricts the users based on their religious affiliation. It is undisputed that Fourth Memorial allows only secular or Christian groups onto Riverview and generally charges for access. All other members of the public are excluded. This policy establishes that not everyone in the community had the same opportunity to enter and use the property. Beats & Rhythms used the camp as a private group. Free use did not turn the group into a public user. Therefore, because Fourth Memorial fails to establish Riverview is open to the public, we hold that recreational use immunity is not available.[6]

## CONCLUSION

¶13 Fourth Memorial allows only select groups to privately use its camp. The policy behind the statute is to encourage landowners to open their land for free public recreational use. That is not the situation here. We affirm the trial court's ruling, holding that recreational use immunity does not apply.

MADSEN, C.J., and CHAMBERS, OWENS, FAIRHURST, J.M. JOHNSON, STEPHENS, WIGGINS, and GONZÁLEZ, JJ., concur.

---

[5] By this we do not mean reasonable restrictions on the user will never be appropriate. For example, a landowner may allow minor children on his or her land only if accompanied by an adult. Such restrictions or conditions may be permitted, provided the restrictions are not, as here, discriminatory.

[6] Having determined this, we find it unnecessary to reach the fee issue.