# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| MARGIE LOCKNER, | No. 48659-8-II |
| Appellant, | |
| v. | |
| PIERCE COUNTY, a political subdivision of the State of Washington; and BLAIR SMITH, individually, and as an employee to Pierce County, | PUBLISHED OPINION |
| Respondents. | |

LEE, J. — Margie Lockner appeals the superior court's summary judgment dismissal of her claims based on the recreational immunity statute, RCW 4.24.210. Lockner argues that the superior court improperly applied the recreational immunity statute because (1) she provided evidence that the place of her injury was used for transportation purposes and (2) she brought a negligence claim rather than a premises liability claim. This appeal requires us to determine whether *Camicia v. Howard S. Wright Constr. Co.*[1] limits recreational immunity to land opened solely for recreational purposes or whether the immunity extends to those lands serving multiple purposes.

We hold that summary judgment was improper because *Camicia* limited recreational immunity to land opened to the public solely for recreational purposes and issues of material fact remain as to whether the area where Lockner was hurt was opened to the public solely for the

---

[1] 179 Wn.2d 684, 317 P.3d 987 (2014).

purpose of recreational use. We also hold that the plain language of availability of RCW 4.24.210 extends to negligence actions. Accordingly, we reverse and remand for further proceedings.

FACTS

Lockner and her niece were riding their bicycles on the Foothills Trail in Pierce County. Lockner was riding behind her niece as they approached a riding lawn mower from the rear. The lawn mower, operated by a Pierce County Parks and Recreation employee, was mowing grass on the right side of the trail, moving in the same direction as Lockner and her niece. Lockner's niece rode past the lawn mower, and Lockner followed, attempting to pass with the lawn mower on her right. Lockner raised her left hand from the handle bars to shield her eyes from debris in the air from the lawn mower. She "quickly tried to veer to the left to get off the trail and that's when I clipped [Lockner's niece's] bike." Clerk's Papers (CP) at 76 (Deposition of Lockner). Lockner fell and was hurt.

The County's website describes the Foothills Trail as:

The Foothills Trail sits atop a historic railroad bed and snakes through the river valley southeast of Tacoma. *This 25-mile-long trail is a popular commuter route and recreational destination* for bicyclists, while hikers enjoy shorter, more manageable segments of the trail. One of the most scenic sections for the unobstructed views of nearby Mt. Rainier begins in Orting and follows the Carbon River upstream through farmland and forest.

The Foothills Trail is a 12-foot wide non-motorized asphalt trail/linear park suitable for bicycles, walking, in-line skates and wheel chairs. It also has a soft shoulder path for equestrians.

CP at 62 (emphasis added).

The County produced a "Pierce County Park, Recreation & Open Space Plan," which included a "Regional Trails Plan" that stated its vision as:

> The Pierce County Regional Trails System will be an accessible and seamless trails network used by people of all ages and abilities *for recreation and transportation. Pierce County trails will provide users with the opportunity to experience recreation*, solitude or companionship, *and provide a practical transportation option*. It will offer connections to major developed areas and attractions within the County, provide opportunities for appreciation of nature, and connect the County to the greater region.

CP at 59, 65-66 (emphasis added).

Lockner filed suit against the County and the employee operating the lawn mower. The County moved for summary judgment, arguing that RCW 4.24.210 immunized the County from Lockner's claims. In support of the motion, the County filed the declaration of its Superintendent of Parks, which stated that the Foothills Trail "is open to the public for recreation between the hours of 8:00 a.m. and 5:00 p.m.," and the Foothills Trail "is not a transportation corridor." CP at 103. The superior court agreed with the County and dismissed Lockner's suit. Lockner appeals.

ANALYSIS

Lockner argues that the superior court erred in dismissing her case against the County on summary judgment because (1) issues of material fact exist as to the trail's use for transportation purposes and (2) the recreational immunity statute applies only to claims for premises liability, not to her claims for negligence. We hold that summary judgment was improper because issues of material fact remain as to whether the Foothills Trail was opened to the public solely for the purpose of recreational use. We also hold Lockner's second argument fails.

A.    STANDARD OF REVIEW

"Summary judgment is appropriate only when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). We review a grant of summary judgment de novo." *Camicia*, 179 Wn.2d at 693.

3

In reviewing appeals from summary judgment, we view the facts in the light most favorable to the nonmoving party. *Id.* at 687-88. In this case, that party is Lockner.

Recreational immunity is an affirmative defense. *Id.* at 693. Therefore, the burden to establish its application is on the party claiming its protection. *Id.* In this case, that party is the County.

B.      AVAILABILITY OF RECREATIONAL IMMUNITY

Lockner argues that material facts exist to show that the Foothills Trail is not used solely for recreational purposes. Lockner asserts that summary judgment is not proper in this case because our Supreme Court in *Camicia* held that where the land is held open for mixed-use—such as for both recreation and transportation—then the recreational immunity statute is not available to the landowner. We agree.

> RCW 4.24.210 is the recreational immunity statute. Its purpose
>
> is to encourage owners or others in lawful possession and control of land and water areas or channels to make them available to the public for recreational purposes by limiting their liability toward persons entering thereon and toward persons who may be injured or otherwise damaged by the acts or omissions of persons entering thereon.

RCW 4.24.200. In short, the recreational immunity statute was enacted to encourage landowners to allow public use of their land for outdoor recreation by providing the landowners with immunity from most injuries that might be sustained through the public's use. RCW 4.24.200; LAWS OF 1967, ch. 216 § 2.[2] The recreational immunity statute provides, in pertinent part:

---

[2] Laws of 1967, ch. 216 § 2 states:

> Any landowner who allows members of the public to use his agricultural or forest land for the purposes of outdoor recreation, which term includes hunting, fishing,

[A]ny public or private landowners . . . who allow members of the public to use [the land] for the purposes of outdoor recreation, which term includes, but is not limited to, . . . bicycling, . . . without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users.

RCW 4.24.210(1). "Thus, 'to be immune under RCW 4.24.210(1) the landowner must establish that the [land in question] (1) was open to members of the public (2) for recreational purposes and [that] (3) no fee of any kind was charged.'" *Camicia*, 179 Wn.2d at 695-96 (quoting *Cregan v. Fourth Mem'l Church*, 175 Wn.2d 279, 284, 285 P.3d 860 (2012)) (alterations in original).

In *Camicia*, the plaintiff was riding her bicycle on the I-90 bicycle trail, along Interstate 90 in Mercer Island, when she was injured. *Id.* at 687. The plaintiff sued the city of Mercer Island for negligence, but the superior court dismissed the action under RCW 4.24.210. *Id.* Division One of this court reversed the superior court in an unpublished decision, determining that there was no evidence that the I-90 bicycle trail was intended for anything but transportation and had always been characterized as a part of the regional transportation system. *Camicia v. Howard S. Constr. Co.*, noted at 158 Wn. App. 1029, 2010 WL 4457351 *7. Our Supreme Court agreed with the Court of Appeals and affirmed. *Camicia*, 179 Wn.2d at 687.

In affirming, however, our Supreme Court backed away from the position taken by the Court of Appeals, noting instead that the record showed that recreational use of the I-90 trail had

camping, picnicking, hiking, pleasure driving, nature study, winter sports, viewing or enjoying historical, archaeological, scenic, or scientific sites, without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users: *Provided*, That nothing in this section shall prevent the liability of such a landowner for injuries sustained to users by reason of a known dangerous artificial latent condition for which warning signs have not been conspicuously posted: *Provided further*, That nothing in this act limits or expands in any way the doctrine of attractive nuisance.

been identified at least by the city of Mercer Island. *Id.* at 689-90. The record showed that the Washington State Department of Transportation's history of the I-90 trail stated that no recreational facility funds had been used to construct the I-90 trail, and that it was built as "'part of a multi-modal transportation facility.'" *Id.* at 689 (quoting the record). Yet, while the quitclaim deed of the I-90 trail to the city of Mercer Island stated that the "'property is transferred for road/street purposes only, and no other use shall be made of said property without obtaining prior written approval of the grantor,'" the city of Mercer Island contended that it always understood the I-90 trail to be primarily recreational in nature. *Id.* at 690 (quoting the record) (emphasis omitted). In support, the city of Mercer Island cited to local ordinances, its parks department being charged with the trail's upkeep, and a "'Park, Recreation, Open Space, Arts and Trails Plan'" that identified the I-90 trail as a "'multi-purpose pedestrian/bicycle regional trail . . . . used as park lands.'" *Id.* at 689-90 (quoting the record) (emphasis omitted). The parties agreed that the I-90 trail was open to members of the public and no fee of any kind was charged.

The *Camicia* court characterized the issue as "whether genuine issues of material fact exist as to whether the trail was open for recreational purposes." *Id.* at 696. According to *Camicia*, that determination rests on two considerations: first, whether the landowner could close the land in question to the public; and second, whether the land was opened to the public solely for the purpose of recreation. *Id.* at 696, 697. The court held that "[b]ecause a trier of fact could find that the I-90 trail [wa]s open for the public purpose of transportation rather than recreational use, the Court

of Appeals correctly held that the [city of Mercer Island] was not entitled to summary judgment in its favor."[3]  *Id.* at 703.

Here, just as in *Camicia*, the Foothills Trail was open to the public and no fee was charged for its use.  Therefore, we must determine whether genuine issues of material fact exists as to whether the County could close the trail to the public and whether the trail was open to the public solely for the purpose of recreation.  *Id.* at 696, 697.

1.      Could the County "Close" the Trail to the Public?

The *Camicia* court first considered whether the landowner could close and open the land to the public.  *Id.* at 696.  The court reasoned, "Absent that authority [to determine whether the land should be open to the public], a landowner cannot assert recreational immunity" because "extending recreational immunity to landowners who lack authority to close the land to the public 'would not further the purpose behind the act,' namely to encourage landowners to open land that would not otherwise be open."  *Id.* at 696 (quoting *Tennyson v. Plum Creek Timber Co.*, 73 Wn. App. 550, 558, 872 P.2d 524, *review denied*, 124 Wn.2d 1029 (1994)).  The *Camicia* court held that "a material question of fact about the City's authority to close the trail to public transportation" existed, precluding summary judgment.  *Id.* at 697.

Here, the State presented evidence that the trail was open from 8 AM to 5 PM.  However, the record does not identify who owned the trail or had authority to enforce the trail closures to the public.  For example, the County's website states that the trail sits on top of "a historic railroad

---

[3] The majority also held that recreational immunity does not depend on the plaintiff's activity at the time.  *Id.* at 701.  That means that Lockner's use of the trail for recreational purposes at the time of her injury does not control the availability of immunity to the County.

bed" and "begins in Orting." CP at 62. Based on these two statements, a question of fact exists as to whether the County, the railroad, or the city of Orting owns, and therefore has authority to close, some or all of the trail to the public. Thus, issues of material fact remain as to whether the land could be closed to the public and by whom.

2.      Is the Trail Opened to the Public Solely "For the Purpose of Outdoor Recreation"?

In *Camicia*, the court determined that immunity applies under the statute "only when a landowner allows the public to use the land 'for the purpose of outdoor recreation.'" *Id.* at 697 (quoting RCW 4.24.210(1)) (emphasis omitted). The court reasoned,

> Where land is open to the public for some other public purpose—for example as part of a public transportation corridor—the inducement of recreational use immunity is unnecessary. It would make little sense to provide immunity on the basis of recreational use when the land would be held open to the public even in the absence of that use.

*Id.* at 697. The court stated that the purpose of the recreational statute was to create recreational areas "'*that might not otherwise be open to the public*.'" *Id.* at 699 (quoting *Riksem v. City of Seattle*, 47 Wn. App. 506, 508, 736 P.2d 275 (1987)). The *Camicia* court also stated that providing immunity for areas that are opened to the public for purposes in addition to recreation, such as transportation, "not only undermines the statute's plain language and the legislature's intent but would also unjustly relieve the government of its common-law duty to maintain roadways in a condition reasonably safe for ordinary travel." *Id.*

The dissent in *Camicia* characterized the majority's opinion as "hold[ing] that RCW 4.24.210 confers immunity only if land is held open to the public solely for recreational use." *Id.* at 704 (Madsen, C.J., dissenting). The majority did not refute the dissent's characterization. Thus, the majority's opinion seems to extend recreational immunity only to those lands held open to the

public solely for the purpose of recreation (i.e., immunity applies only when the lands would not be held open if the recreational use was removed or prohibited).

Here, when the evidence is viewed in the light most favorable to Lockner, an issue of fact remains regarding the purpose for which the Foothills Trail is held open to the public. For example, the County's website describes the Foothills Trail as "a popular commuter route and recreational destination." CP at 62. Additionally, the County's "Regional Trail Plan," is to provide trails "for recreation and transportation," "provide a practical transportation option," "offer connections to major developed areas and attractions within the County . . . , and connect the County to the greater region." CP at 65-66. Therefore, a question of material fact remains as to whether the Foothills Trail was opened to the public solely for the purpose of recreational use. *Camicia*, 179 Wn.2d at 697, 699. Because issues of material fact remain, summary judgment was improper.

C.    NEGLIGENCE CLAIMS

Lockner argues that summary judgment was improperly entered against her because her case against the County is a negligence claim, rather than a premises liability claim. This argument fails.

The recreational immunity statute extends immunity to certain landowners for "unintentional injuries" to certain users. RCW 4.24.210. By its plain language, this immunity extends to negligence actions and is not restricted to premises liability claims. RCW 4.24.200, .210; *Citizens All. for Prop. Rights Land Legal Fund v. San Juan County*, 184 Wn.2d 428, 435, 359 P.3d 753 (2015) (if the statute's meaning is plain on its face, then the court must give effect to that plain meaning). Therefore, we hold that Lockner's assertion that the recreation immunity

statute does not apply because she brought a negligence claim rather than a premises liability claim is unavailing.[4]

Issues of material fact remain as to whether the County had the authority to close the trails to the public and whether the trails were open to the public solely for the purpose of recreational use. Therefore, we reverse the trial court's summary judgment dismissal of Lockner's suit and remand for further proceedings.

_____
Lee, J.

We concur:

_____
Bjorgen, C.J.

_____
Melnick, J.

---

[4] We note that sometimes negligence and premises liability are not necessarily separate torts. *See generally Curtis v. Lein*, 169 Wn.2d 884, 888-89, 239 P.3d 1078 (2010) (calling the cause of action for injuries sustained in falling through a dock on another's property "a negligence suit" and "a premises liability suit").