

IN THE SUPREME COURT OF THE STATE OF WASHINGTON

MARGIE M. LOCKNER,

    Respondent,

v.

PIERCE COUNTY and
BLAIR SMITH,

    Petitioners.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

No. 94643-4

En Banc

Filed _____ APR 1 9 2018 _____

GONZÁLEZ, J.—This case asks us to clarify the scope of Washington's recreational use immunity statute, RCW 4.24.210.[1] Margie Lockner was injured when she fell from her bicycle on a trail maintained by Pierce County (County). Lockner sued the County for negligence. Finding that recreational use immunity precluded her suit because the unintentional injury happened on land open to the public for recreational use without a fee, the trial court dismissed Lockner's claim

---

[1] RCW 4.24.210 provides in relevant part that

> any public or private landowners, hydroelectric project owners, or others in lawful possession and control of any lands . . . who allow members of the public to use them for the purposes of outdoor recreation . . . without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users.

on summary judgment. The Court of Appeals reversed, mistakenly relying on the dissent in this court's opinion in *Camicia v. Howard S. Wright Constr. Co.*, 179 Wn.2d 684, 687, 317 P.3d 987 (2014), to hold that a question of fact remained as to whether the trail was open to the public for "solely" recreational use.

While more than incidental recreational use may be required, sole recreational use is not required before conferring immunity to landowners. In addition, RCW 4.24.210 immunity is not limited to premises liability claims. It also extends to negligence actions. We therefore reverse the Court of Appeals in part and reinstate summary judgment for the County.

## BACKGROUND

On a summer day in 2013, Lockner and her niece went for a bicycle ride on the Foothills Trail. While Lockner rode behind her niece, both cyclists approached a riding lawn mower cutting grass and moving in the same direction beside the trail. As Lockner passed the lawn mower, it allegedly expelled a cloud of dust and debris. Lockner shielded her face and swerved, "clip[ping] her niece's bike." Clerk's Papers (CP) at 3. Lockner fell and injured her knee and elbow.

The Foothills Trail is a nonmotorized asphalt trail alongside a soft shoulder path for equestrian use. Pierce County's website for the trail describes it as a "popular commuter route and recreational destination for bicyclists." *Id.* at 62. In its regional plan, the County envisions that its trail system will become a network

for recreation, provide "transportation routes," *id.* at 69, and connect the County to other regional destinations.

Pierce County Parks and Recreation officials have stated that the section of the Foothills Trail where Lockner was injured was designed and maintained for recreational use. This section is open for recreation between 8:00 AM and 5:00 PM.

Lockner filed a negligence suit against the County and its employee, the lawn mower operator. The County moved for summary judgment, arguing that recreational immunity precluded the claim. The trial court granted the County's motion.

Lockner appealed. The Court of Appeals reversed summary judgment, concluding that pursuant to *Camicia*, recreational use immunity could not be determined as a matter of law because there was a disputed issue of material fact as to whether the trail was open "solely" for recreational use. *Lockner v. Pierce County*, 198 Wn. App. 907, 908, 396 P.3d 389 (2017) (citing *Camicia*, 179 Wn.2d at 687). The County sought review. Lockner, in turn, asked this court to examine whether RCW 4.24.210 extends immunity to negligence actions. We granted review of both issues. *Lockner v. Pierce County*, 189 Wn.2d 1009, 403 P.3d 45 (2017).

ANALYSIS

We review a grant of summary judgment de novo. *Campbell v. Ticor Title Ins. Co.*, 166 Wn.2d 466, 470, 209 P.3d 859 (2009). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c). When making this determination, we consider all the facts and make all reasonable factual inferences in the light most favorable to the nonmoving party. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 226, 770 P.2d 182 (1989).

I.     *Recreational Immunity Applies to Pierce County*

Lockner urges us to affirm the Court of Appeals. She contends that the court properly applied *Camicia* to require land to be used for "solely" recreational purposes to obtain immunity. *See Lockner*, 198 Wn. App. at 912-16. The County and amici, on the other hand, argue that the Court of Appeals misconstrued *Camicia* and relied on language from its dissenting opinion—which the majority did not endorse—that RCW 4.24.210 does not mandate "solely" recreational use. *Id.* (citing 179 Wn.2d at 703-04 (Madsen, C.J., dissenting)). The County is correct. For the reasons set forth below, we conclude that neither the plain language of RCW 4.24.210 nor our opinion in *Camicia* preconditions recreational use immunity on land being used solely for recreational purposes.

4

This case concerns aspects of the scope of immunity under RCW 4.24.210.

Statutory interpretation is a question of law, which we review de novo. *State v. J.P.*, 149 Wn.2d 444, 449, 69 P.3d 318 (2003). Our starting point is the statute's plain language and ordinary meaning. *Id.* at 450. If the statute's plain language is unambiguous, our review is at an end. *Id.* In construing a statute, our "primary duty . . . is to discern and implement the intent of the legislature." *Id.*

> Washington's recreational immunity provision explains in part that
>
> [e]xcept as otherwise provided . . . any public or private landowners, hydroelectric project owners, or others in lawful possession and control of any lands whether designated resource, rural, or urban, or water areas or channels and lands adjacent to such areas or channels, who allow members of the public to use them *for the purposes of outdoor recreation* . . . without charging a fee of any kind therefor, shall not be liable for unintentional injuries to such users.

RCW 4.24.210 (emphasis added). This provision is meant to encourage landowners to open their land to the public for recreation by limiting their liability toward persons injured or damaged by unintentional acts occurring thereon. RCW 4.24.200; *see also Cregan v. Fourth Mem'l Church*, 175 Wn.2d 279, 283, 285 P.3d 860 (2012). To accomplish this goal, our legislature changed the common law by statute, altering an entrant's status from that of a trespasser, licensee, or invitee to a new statutory classification of recreational user. *Davis v. State*, 102 Wn. App. 177, 184, 6 P.3d 1191 (2000), *aff'd*, 144 Wn.2d 612, 30 P.3d 460 (2001).

To qualify for immunity under RCW 4.24.210, the landowner must establish that the land at issue was (1) open to members of the public (2) for recreational purposes and that (3) no fee was charged. *Camicia*, 179 Wn.2d at 695-96 (quoting *Cregan*, 175 Wn.2d at 284).

There is no dispute that the Foothills Trail was open for recreational use without a fee, nor does Lockner dispute that she was a public user. Lockner asserts the only question is whether genuine issues of material fact exist as to whether the trail was open solely for recreational use. But whether "sole" recreational use is required in order for this immunity to apply is a question of law that we review de novo. *J.P.*, 149 Wn.2d at 449. If RCW 4.24.210 does not require sole recreational use, there is no issue of material fact in dispute. To determine this, we look first to the language of Washington's recreational immunity statute. *Id.* at 450.

RCW 4.24.210 explains that any owner who allows the public to use his or her land "for the purposes of outdoor recreation" is free from liability for unintentional injuries sustained on that land. The language of this statute is clear and unambiguous. The provision mentions only outdoor recreation. It does not say that land must be open for "only" recreational purposes. Indeed, it is silent as to whether mixed public uses, that is, recreation and some other public activity,

affect immunity. Clearly, mixed public and other uses do not defeat immunity since the legislature amended RCW 4.24.210 to include land used for hydroelectric power plants. LAWS OF 2011, ch. 53, § 1 (extending recreational use immunity to "hydroelectric project owners"); *see Dep't of Ecology v. Campbell & Gwinn, LLC*, 146 Wn.2d 1, 11, 43 P.3d 4 (2002) (reviewing courts derive plain meaning from the context of the act and related statutes). This court does not subject an unambiguous statute to statutory construction. *Kilian v. Atkinson*, 147 Wn.2d 16, 21, 50 P.3d 638 (2002) (plurality opinion) (citing *State v. Keller*, 143 Wn.2d 267, 276, 19 P.3d 1030 (2001)). Because RCW 4.24.210 does not restrict recreational use immunity to land used solely for recreation, this court will not "read into a statute matters that are not in it." *Id.* at 21.

We have previously refused to import a limiting construction based on multiple uses of land into RCW 4.24.210. Interestingly, while Lockner contends immunity cannot apply unless land is used exclusively for recreation, this court heard and rejected the reverse argument in *McCarver v. Manson Park and Recreation District*, 92 Wn.2d 370, 373, 376, 597 P.2d 1362 (1979). In that case, the plaintiff argued RCW 4.24.210 should be limited to land primarily used for other purposes but with incidental recreational use. *Id.* at 377. The *McCarver* court declined to impose a limitation "based upon primary and secondary uses where the legislature did not. Arguments to achieve such a result should

appropriately be addressed to the legislature." *Id.* The legislature has not amended RCW 4.24.210 to insert such a limiting construction. *City of Federal Way v. Koenig*, 167 Wn.2d 341, 352, 217 P.3d 1172 (2009) ("Once a court has construed a statute, the legislative branch is free to clarify its intent by altering the statute as it sees fit. If it does not do so, then we presume the legislature is satisfied with the interpretation." (citation omitted)). The immunity granted by the plain language of RCW 4.24.210 does not require lands open to the public be used for exclusively recreational purposes, and, as in *McCarver*, we should refuse to read into the statute a limiting construction in the form of "sole recreational use."

Nothing we have said in *Camicia* contradicts the plain language of RCW 4.24.210. In *Camicia*, a bicyclist sustained severe injuries while riding along the Interstate 90 (I-90) trail located in the city of Mercer Island. 179 Wn.2d at 687-88. The bicyclist brought a negligence suit against the city, which the trial court dismissed on summary judgment based on recreational immunity. On appeal, this court determined that summary judgment was improper because there were factual disputes as to whether the I-90 trail was open for recreation at all or solely for transportation purposes. Critical to our holding was a deed transferring ownership of the I-90 trail to the city. *See id.* at 690. The deed specifically provided that the trail could be used for "road/street purposes only" with other uses allowed upon written approval of the transferrer. *Id.* (emphasis omitted). Viewed in a light most

8

favorable to the plaintiff, the deed suggested the city could not close the trail to transportation and a fact finder could infer the trail would be open for transportation regardless of any recreational use. *Id.* at 700. Whether the trail could be used for recreation was a disputed fact that consequently precluded determining the legal question of whether recreational immunity was applicable. We remanded the case to the trial court. Our holding in *Camicia* is clear: where evidence conflicts regarding whether the land is open for recreational use, the case must go before a finder of fact. *Id.* at 700-01. The land in *Camicia* was used primarily for transportation. If sole recreational use was required, remand would have made no sense.

We did not construe RCW 4.24.210 as requiring exclusive recreational use to confer immunity; indeed, as explained above, the plain language of the statute does not support such a reading. In light of this plain language, immunity is not extinguished when land is used for other public or private activities in addition to recreation. *See* RCW 4.24.210; *McCarver*, 92 Wn.2d at 373; *accord Riksem v. City of Seattle*, 47 Wn. App. 506, 512, 736 P.2d 275 (1987) ("Land which was primarily used for recreational purposes having other incidental uses would certainly apply under [RCW 4.24.210] as well."); *Widman v. Johnson*, 81 Wn. App. 110, 114, 912 P.2d 1095 (1996) (evidence established that the land in question was opened and used for recreation and that therefore the land "may also

9

have been used for other purposes (*e.g.*, as a shortcut by nonrecreating members of the public) lacks legal significance").

Having determined that sole recreational use is not required under RCW 4.24.210, we must now decide whether the Foothills Trail was opened for recreation. Recreational immunity applies to landowners with "lawful possession and control" over land. RCW 4.24.210(1). Lawful possession and control means "'continuing authority to determine whether the land should be open to the public.'" *Camicia*, 179 Wn.2d at 696 (quoting *Tennyson v. Plum Creek Timber Co.*, 73 Wn. App. 550, 557-58, 872 P.2d 524 (1994)).[2] Whether land has been opened for recreation is to be viewed from the objective standpoint of the landowner. *See Cregan*, 175 Wn.2d at 285; *Gaeta v. Seattle City Light*, 54 Wn. App. 603, 608, 774 P.2d 1255 (1989), *abrogated by Jewels v. City of Bellingham*, 183 Wn.2d 388, 353 P.3d 204 (2015); *see also Camicia*, 179 Wn.2d at 701-02 (majority), 705-06 (Madsen, C.J., dissenting); *Howard v. United States*, 181 F.3d 1064, 1072-73 (9th Cir. 1999) ("to determine whether a landowner will be immune

---

[2] Amici urge us to consider whether "lawful possession and control" under RCW 4.24.210 requires "continuing authority" to close land to the public. *See, e.g.*, Br. of Amici Curiae Wash. Ass'n of Mun. Att'ys at 14-18; Br. of Amicus Curiae State of Washington at 12-18. Neither Lockner nor the County asked this court to consider the "authority to close" test, and we did not grant review of this issue. Moreover, it is unnecessary for resolution of the issues properly before the court because the County demonstrated its continuing authority to close the Foothills Trail to the public. Because the authority to close test is not squarely presented, we decline to consider it. We leave resolution of this issue for another day. *See State v. Duncan*, 185 Wn.2d 430, 435 n.2, 374 P.3d 83 (2016) (we generally decline to consider arguments not properly before us).

from liability under a recreational use statute, the proper focus is on the *landowner's* intent").

Here, the record demonstrates that the County intended and had authority to open the land in question for recreational purposes. The section of the trail where Lockner was injured is maintained and operated by the County. The County exercised its authority to open and close the trail by setting hours for recreation, from 8 AM to 5 PM. Although the trail is described in one website as a "popular commuter route and recreational destination," CP at 62, this does not establish that the County *intended* the land to be used exclusively for transportation. In fact, the County presented evidence from its park officials stating that the County operates and maintains the trail section where Lockner was injured specifically for recreation. Acknowledging that a recreational area may be used for other activities, such as walking through a park to get to a jobsite, does not eliminate immunity.

Based on this evidence, the County intended to open the Foothills Trail for recreational purposes. *Cregan*, 175 Wn.2d at 285; *Gaeta*, 54 Wn. App. at 608. No genuine issues of material fact remain on that point. Recreational use immunity therefore applies to the County, and summary judgment was properly granted below.

II.  *RCW 4.24.210 Includes Negligence Actions*

The Court of Appeals concluded that RCW 4.24.210 immunizes landowners from negligence actions. *Lockner*, 198 Wn. App. at 916.  Lockner contends this is error.  She argues that recreational immunity applies only to premises liability actions and that her claim should be viewed under the common law showing of duty, breach, causation, and damages.  *See* Answer to Pet. for Review at 13 (explaining Lockner's claim has "nothing to do with the condition of the land . . . . [A]n agent of Pierce County actively breached the duty of due care and caused her injury.").[3]  The plain language of RCW 4.24.210 does not support this narrow reading.

Because recreational use immunity applies to the County, we must examine whether RCW 4.24.210 precludes Lockner's negligence action.  Landowners "shall not be liable for unintentional injuries" occurring to public entrants on their land.  RCW 4.24.210.  The statute does not define "unintentional," thus we "may discern the plain meaning of nontechnical statutory terms from their dictionary definitions." *State v. Cooper*, 156 Wn.2d 475, 480, 128 P.3d 1234 (2006) (citing *State v. McDougal*, 120 Wn.2d 334, 350, 841 P.2d 1232 (1992)).  "Unintentional"

---

[3] RCW 4.24.210 creates an exception where an injured party may overcome immunity by showing either (1) a fee for the use of the land was charged, (2) the injuries were intentionally inflicted or (3) the injuries were sustained by reason of a known dangerous artificial latent condition for which no warning signs were posted. *Jewels v. City of Bellingham*, 183 Wn.2d 388, 353 P.3d 204 (2015).  Lockner does not assert any exception to recreational immunity.

is defined as "not intentional," that is, not done by design or purpose. WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2499 (1979) (defining "unintentional"); *id.* at 1176 (defining "intentional"). Lockner was injured while reacting to an alleged cloud of dust and debris expelled from a nearby lawn mower. There is no evidence that the operator purposefully used the mower to eject debris or somehow intentionally injure Lockner. This evidence establishes that Lockner sustained unintentional injuries while engaging in recreational activity on county-maintained land. The plain language of RCW 4.24.210 extends immunity to this injury. To hold otherwise would undermine the legislative purpose of recreational use immunity as it would do little to limit a landowner's liability for the "acts or omissions" of public users. RCW 4.24.200.

CONCLUSION

Because neither the plain language of RCW 4.24.210 nor this court's holding in *Camicia* requires land to be held open for sole recreational use, the Court of Appeals' reversal of summary judgment was improper. The evidence presented demonstrates that the County intended to open the Foothills Trail for recreational purposes and no issues of material fact remain. In addition, the Court of Appeals properly concluded that recreational use immunity includes negligence actions. Therefore, we reverse the Court of Appeals in part and reinstate summary judgment for the County.

13

González, J.

WE CONCUR:

Fairhurst, C.J.

Stephens, J.

Wiggins, J.

Gordon McCloud, J.

Owens, J.

Yu, J.

*Lockner v. Pierce County, et al.*

No. 94643-4

MADSEN, J. (concurring)—I agree with the majority that the plain language of RCW 4.24.210 provides recreational use immunity to Pierce County and note that the majority's application here comports substantially with the dissent's analysis in *Camicia v. Howard S. Wright Construction Co.*, 179 Wn.2d 684, 317 P.3d 987 (2014), which also stressed the plain language application of the recreational use immunity statute, RCW 4.24.210. The majority here correctly states, "In light of [RCW 4.24.210's] plain language, immunity is not extinguished when land is used for other public or private activities in addition to recreation." Majority at 9. I write separately because I see the majority as a necessary course correction after *Camicia*, which I believe will provide more useful guidance to the courts below. Accordingly, I concur.

No. 94643-4
Madsen, J., concurring

_Madsen, J._

2