# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

SCOTT D. ENT, a married man,

        Appellant,

        v.

WASHINGTON STATE CRIMINAL
JUSTICE TRAINING COMMISSION,

        Respondent.

No. 68375-6-I

DIVISION ONE

PUBLISHED OPINION

FILED: April 29, 2013

APPELWICK, J. — RCW 43.101.390 provides the Washington State Criminal Justice Training Commission with broad immunity from suit. Pursuant to CR 12(c), the trial court dismissed claims for personal injury occurring during graduation exercises at the Commission's academy. We affirm.

## FACTS

The Washington State Criminal Justice Training Commission ("CJTC" or "the Commission") operates a Basic Law Enforcement Academy in Burien, Washington. In November 2008, Scott Ent joined the Academy as a student police officer (cadet) for training required by the City of Moses Lake Police Department.

In January 2009, Ent was ordered by Academy staff to attend an inspection and graduation ceremony. Academy staff instructed Ent and his classmates to stand at "attention" for inspection and then to stand at "parade rest" for the graduation ceremony. After over an hour standing motionless in formation, Ent fainted, struck his head on the floor, and lost consciousness. Two of Ent's classmates had already fainted and fallen to the floor.

Ent filed a verified complaint for money damages against the CJTC alleging that he suffered significant, permanent injuries because of the fall. Ent claimed that the CJTC breached its duty of reasonable care by failing to provide safe conditions for him to participate in the graduation ceremony, which proximately caused his injuries.

The CJTC moved for judgment on the pleadings under CR 12(c). The CJTC claimed that it had statutory immunity and that Ent could prove no set of facts entitling him to relief. The trial court granted the motion and dismissed with prejudice, agreeing that the CJTC was entitled to statutory immunity under RCW 43.101.390. Ent appeals from that dismissal.

## DISCUSSION

Ent argues that the trial court erred in dismissing his negligence claim, because RCW 43.101.390 does not provide the CJTC blanket tort immunity. Alternatively, he argues that if RCW 43.101.390 does provide broad immunity, the inspection and graduation ceremony do not fall within the purview of protected activity. We find these arguments unpersuasive.

### I. Statutory Immunity

The legislature created the CJTC in 1974 when it enacted chapter 43.101 RCW. See RCW 43.101.020. The purpose of the CJTC is "to provide programs and standards for the training of criminal justice personnel." Id. RCW 43.101.390—the immunity provision at issue here—was added to the chapter in 2001. LAWS OF 2001, ch. 167, § 11. It provides:

> The commission, its boards, and individuals acting on behalf of the commission and its boards are immune from suit in any civil or criminal action contesting or based upon proceedings or other official acts

2

performed in the course of their duties in the administration and enforcement of this chapter.

RCW 43.101.390. Ent acknowledges that the plain reading of RCW 43.101.390 tends to support the CJTC's position of blanket immunity. But, Ent argues that the CJTC's interpretation must fail if the statute is read in its broader context.

Statutory interpretation is a question of law that we review de novo. State v. Gray, 174 Wn.2d 920, 926, 280 P.3d 1110 (2012). Our primary duty in construing a statute is to ascertain and carry out the legislature's intent. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526, 243 P.3d 1283 (2010). Statutory interpretation begins with the statute's plain meaning, that we discern from the ordinary meaning of the language used in the context of the entire statute, related statutory provisions, and the statutory scheme as a whole. Id. If the statute's meaning is unambiguous, our inquiry ends. State v. Armendariz, 160 Wn.2d 106, 110, 156 P.3d 201 (2007). Conversely, a statute is ambiguous when it is susceptible to two or more reasonable interpretations, but not merely because different interpretations are possible. In re Detention of Aston, 161 Wn. App. 824, 842, 251 P.3d 917 (2011), review denied, 173 Wn.2d 1031, 277 P.3d 668 (2012).

Turning to legislative history, Ent points out that the immunity provision was added when the legislature amended the chapter in 2001 to create the certification and decertification process. See LAWS OF 2001, ch. 167, at 735, § 11, at 742. Therefore, he argues, RCW 43.101.390 must be interpreted narrowly, because it was created solely to provide immunity for the CJTC's certification and decertification of peace officers.

But, Ent's argument ignores the plain language of RCW 43.101.390. The statute immunizes the CJTC from "any civil or criminal action contesting or based upon

proceedings or other official acts performed in the course of their duties in the administration and enforcement of this chapter." RCW 43.101.390 (emphasis added). Immunity unambiguously applies to chapter 43.101 RCW in its entirety. The provision does not expressly limit immunity to the peace officer certification and decertification process or to the bill that enacted it. If it did, it would say "of this act" rather than "of this chapter." Cadet training is clearly encompassed within the CJTC's duties. See, e.g., RCW 43.101.020, .080, .180 ("The first priority of the commission shall be to provide for basic law enforcement training."), .200. Conversely, officer certification is but one of the CJTC's 29 powers and duties enumerated in RCW 43.101.080 and .085. And, the immunity provision applies to the Commission, boards, and individuals acting on its behalf—not just the newly created certification hearing panel. LAWS OF 2001, ch. 167, § 10; see also RCW 43.101.380(2). Similarly, "boards" are defined in the chapter as "education and training standards boards," again unrelated to the certification and decertification process.[1] RCW 43.101.010(2).

Ent nevertheless argues that RCW 43.101.390 is ambiguous. He points to RCW 43.101.080(7), which states that the CJTC shall have the power "[t]o assume legal, fiscal, and program responsibility for all training conducted by the commission." (Emphasis added.) Ent contends that this provision conflicts with RCW 43.101.390,

---

[1] Legislative history does not contradict this interpretation. Ent is correct that the immunity provision was added to the chapter with the 2001 certification act. But, nothing in the bill analysis or bill reports indicates that the legislature intended immunity to apply to only certification and decertification of peace officers. See HOUSE CRIMINAL JUSTICE & CORRECTIONS COMM., H.B. ANALYSIS ON H.B. 1062, at 4-5, 57th Leg., Reg. Sess. (Wash. 2001); FINAL B. REP. on H.B. 1062, at 3-4, 57th Leg., Reg. Sess. (Wash. 2001). And, the bill as introduced contained the immunity provision as enacted. H.B. 1062, 57th Leg., Reg. Sess., at 9 (Wash. 2001).

because the CJTC cannot be both legally responsible for its training activities and immune from legal liability for that training. But, RCW 43.101.080 is a general grant of powers to the CJTC. It provides 20 enumerated powers that enable the CJTC administer and enforce criminal justice personnel training. RCW 43.101.080(1)-(20). RCW 43.101.080(7) grants the CJTC general power to assume legal, fiscal, and program responsibility for training. As against the world, CJTC has the power and responsibility to act under the chapter. RCW 43.101.390 addresses whether the CJTC will be held liable for any wrongful actions in the course of performing these responsibilities. It cannot be reasonably read to limit or contradict the scope of the Commission's responsibility or authority to act. The provisions can be interpreted harmoniously. We find no ambiguity.

Ent also presents us with a number of troubling scenarios that might occur if we interpret RCW 43.101.390 to provide broad immunity for the CJTC. For instance, the CJTC could forgo replacing worn brake pads on police training cars, but continue to require cadets to practice high speed driving techniques with those cars. The CJTC could then claim immunity when the brakes fail and a student is injured or killed, despite obvious negligence. Or, the CJTC might be immunized when an instructor embezzles funds or commits manslaughter, because RCW 43.101.390 protects it from both civil and criminal liability. But, even if these scenarios are very real, they result from a legislative policy choice. Whether or not we agree with broad immunity for the CJTC as a matter of public policy is irrelevant. Riksem v. City of Seattle, 47 Wn. App. 506, 511, 736 P.2d 275 (1987). The State has authority to determine whether it will be immune

from liability for its acts. CONST. art. II, § 26. Therefore, any challenge to the wisdom of such broad immunity is an issue to be taken to the legislature.[2]

RCW 43.101.390 is not ambiguous and immunity applies to the entire chapter, including the CJTC's training activities.

II.   Scope of Immunized Activity

The question remains whether the CJTC's actions were "performed in the course of their duties in the administration and enforcement of this chapter." RCW 43.101.390. Ent argues that the inspection and ceremony did not trigger immunity, because they are not enumerated duties and were not necessary in the CJTC's administration and enforcement of the chapter.

We review a CR 12(c) dismissal de novo. M.H. v. Corp. of Catholic Archbishop of Seattle, 162 Wn. App. 183, 189, 252 P.3d 914, review denied, 173 Wn.2d 1006, 268 P.3d 943 (2011). A dismissal under CR 12(c) is appropriate only if it appears beyond a doubt that the plaintiff cannot prove any set of facts that would justify recovery. Id. In undertaking such an analysis, the plaintiff's allegations are presumed to be true and court may consider hypothetical facts not included in the record. Id. A CR 12(c) dismissal should be granted sparingly, only when the plaintiff's allegations show on the face of the complaint that there is some insuperable bar to relief. Id.

Ent's alternative argument is unavailing. He alleged in his complaint that Academy staff ordered him to attend and then stand motionless at the inspection and ceremony. The legislature gave the CJTC broad authority to develop and implement

---

[2] A statute cannot be judicially declared invalid unless it clearly conflicts with or violates the federal or state constitution. Riksem, 47 Wn. App. at 511. Ent raises no constitutional challenge here.

6

curriculum necessary for its training programs.  See, e.g., RCW 43.101.080(8)-(13). Requiring attendance at a special event is well within this discretion.  We must give deference to educators in their curriculum decisions.  Doherty v. S. Coll. of Optometry, 862 F.2d 570, 576-77 (6th Cir. 1988); see also Marquez v. Univ. of Wash., 32 Wn. App. 302, 306, 648 P.2d 94 (1982) (recognizing "the wide latitude and discretion afforded by courts to educational institutions in academic matters").  Because the inspection and ceremony are within the scope of immunized activity, we hold that Ent can prove no set of facts consistent with his complaint that entitles him to recovery.  Dismissal under CR 12(c) was proper.

We affirm.

WE CONCUR: