**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN J. CRUZ,<br>　　　　*Plaintiff-Appellee,*<br><br>　v.<br><br>CITY OF SPOKANE;<br>WASHINGTON STATE CRIMINAL<br>JUSTICE TRAINING<br>COMMISSION, a state commission;<br>RICK BOWEN, Commander of the<br>Washington State Criminal Justice<br>Training Commission Basic Law<br>Enforcement Academy; JOHN<br>EVERLY, Police Officer at the<br>Spokane Police Department and<br>Assistant Commander of the<br>Washington State Criminal Justice<br>Training Commission Basic Law<br>Enforcement Academy; ART<br>DOLLARD, Police Officer at the<br>Spokane Police Department and TAC<br>Officer at the Washington State<br>Criminal Justice Training Commission<br>Basic Law Enforcement Academy;<br>JAKE JENSEN, Police Officer at the<br>Spokane Police Department and TAC<br>Officer at the Washington State | No. 21-35912<br><br>D.C. No.　2:20-<br>cv-00250-SAB<br><br><br>ORDER<br>CERTIFYING<br>QUESTION TO<br>THE<br>WASHINGTON<br>SUPREME<br>COURT |

Criminal Justice Training Commission
Basic Law Enforcement Academy;
TODD BELITZ, Police Officer at the
Spokane Police Department and TAC
Officer at the Washington State
Criminal Justice Training Commission
Basic Law Enforcement Academy;
SUE RAHR, Executive Director of the
Washington State Criminal Justice
Training Commission;
                    *Defendants-Appellants,*

 and

FERRY COUNTY; CITY OF
REPUBLIC, a municipal corporation;
RAY MAYCUMBER, Ferry County
Sheriff; AMY ROOKER, Ferry
County Chief Civil Deputy; AUSTIN
HERSHAW, Police Officer at the
Black Diamond Police Department;
PATRICK RAINER, Detective at the
Ferry County Sheriff's Office,
                    *Defendants.*

Filed April 28, 2023

Before:  Jacqueline H. Nguyen and Andrew D. Hurwitz,
Circuit Judges, and Dean D. Pregerson,[*] District Judge.

---

[*] The Honorable Dean D. Pregerson, United States District Judge for the Central District of California, sitting by designation.

## SUMMARY[**]

### Civil Rights/Washington Law

In an action alleging, in part, wrongful discharge, the panel certified the following question to the Washington Supreme Court:

> What is the scope of immunity provided by RCW 43.101.390? Specifically, does the provision grant immunity for intentional torts committed in the course of administering the Basic Law Enforcement Academy?

## COUNSEL

Heidi S. Holland (argued) and Taylor Hennessey, Assistant Attorneys General; Robert W. Ferguson, Attorney General of Washington; Office of the Washington Attorney General; Spokane, Washington; for Defendants-Appellants.

Nathan J. Arnold (argued) and Emanuel F. Jacobowitz, Arnold & Jacobowitz PLLC, Redmond, Washington, for Plaintiff-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## ORDER

The Washington State Criminal Justice Training Commission ("CJTC"), the City of Spokane, Sue Rahr, Rick Bowen, John Everly, Art Dollard, Jake Jensen, and Todd Belitz (collectively, the "CJTC Defendants") moved for summary judgment in the district court on John Cruz's state law claims, asserting that they are entitled to statutory immunity under Wash. Rev. Code ("RCW") 43.101.390(1). The district court denied summary judgment, and the CJTC Defendants appealed. Whether summary judgment is warranted turns on an unresolved and important issue of Washington law—the scope of immunity provided by RCW 43.101.390. Specifically, (a) does the provision grant immunity for even intentional torts, and (b) can acts committed with unlawful intent qualify as "official acts performed in the course of . . . duties"? RCW 43.101.390(1). We respectfully ask the Washington Supreme Court to exercise its discretion to decide the certified question set forth below.

## I. Factual Background

Cruz began working as a police officer for the City of Republic, Washington, on September 1, 2016. He identifies as Hispanic and alleges that his colleagues and supervisors, including Deputy Austin Hershaw, frequently subjected him to racist remarks.[1]

In January 2017, Cruz allegedly heard from a Ferry County dispatcher that Hershaw engaged in sexual activity

---

[1] Because the CJTC Defendants filed their motion for partial summary judgment before the completion of discovery, many of their arguments were based on factual allegations in the operative pleading.

with a woman named Randi Torchesky in the back of his patrol car while on duty and in uniform in July 2016. Cruz alleges that he reported this misconduct to Detective Rainer, Hershaw's close friend. Both Hershaw and Torchesky denied the incident, and the sheriff referred the investigation to the Washington State Patrol. Cruz alleges that Hershaw "was furious" at him for reporting the alleged sexual misconduct.

Later in January 2017, shortly before Cruz began mandatory training at the Basic Law Enforcement Academy (the "Academy"), Hershaw allegedly visited the Academy to pick up targets for a firearms training. Cruz believes that, during this visit, Hershaw complained to Assistant Commander John Everly and Officer Art Dollard about Cruz's "false allegations" against him and asked them to treat Cruz harshly in retaliation. Cruz states that Rainer also contacted staff and instructors at the Academy requesting that they treat Cruz harshly.

Cruz alleges that after he arrived at the Academy in February 2017, Dollard and Everly consistently subjected him to unfair treatment. For example, they allegedly:

- falsely accused him of lying on multiple occasions;

- assaulted him with pepper spray in the guise of training—by spraying him more harshly than other cadets—when administering the pepper spray certification exercise;

- cited him for issues that were not raised against other similarly situated cadets, including some conduct that violated no Academy rules;

- attempted to publicly embarrass him regarding his personal affairs; and

- deliberately separated him from another Hispanic recruit with whom he spoke Spanish and had developed a close friendship.

During training, Cruz's young daughter and his long-term girlfriend occasionally stayed with him overnight, including on some weekdays, a practice he claims was allowed for other current and former cadets. In May 2017, three weeks before graduation, Everly questioned Cruz about his daughter's overnight stays. Cruz alleges that he had Officer David Daddatto's permission, but Daddatto did not recall any specific conversations with Cruz about overnight guests. Daddatto had apparently informed other cadets that guests were only permitted on weekends. Cruz alleges that he was never informed that weekday stays were not permitted, and, in any event, such stays violated no rule or policy. Nonetheless, Everly concluded that Cruz had lied about receiving permission to host guests and thus dismissed Cruz for violating the Academy's integrity policy. Cruz appealed his dismissal in June 2017. Sue Rahr, the CJTC's Executive Director, denied the appeal, and Cruz was terminated from employment as a police officer.

Cruz filed a complaint in state court on May 5, 2020, alleging ten causes of action based on race discrimination and retaliation for reporting Hershaw's alleged sexual misconduct. The following state law claims are at issue on appeal: (1) wrongful discharge in violation of public policy; (2) wrongful termination in violation of public policy, RCW 42.41.010; (3) violation of the Washington Law Against Discrimination ("WLAD") regarding retaliation against a whistleblower, RCW 49.60.210; (4) intentional infliction of emotional distress; (5) intentional interference with a business relationship; and (6) violation of the WLAD based

on racial discrimination, RCW 49.60.180. The CJTC Defendants removed the case to federal court.

The CJTC and its staff, as well as the City of Spokane, which employed the defendant officers assigned CJTC responsibilities, moved for partial summary judgment as to the state law claims before the parties completed written discovery and depositions. The CJTC Defendants contend that they are entitled to statutory immunity as a matter of law under RCW 43.101.390(1), which provides:

> The commission and individuals acting on behalf of the commission are immune from suit in any civil or criminal action contesting or based upon proceedings or other official acts performed in the course of their duties in the administration and enforcement of this chapter.

The district court concluded that the CJTC Defendants are not "automatically immunized" from suit under RCW 43.101.390 and that further discovery was warranted to determine whether they acted with discriminatory or retaliatory intent or exceeded the scope of their duties. Accordingly, the district court denied the motion without prejudice to renewal after discovery.

## II. Explanation of Certification

Washington law permits certification from a federal court when, in the opinion of the court, "it is necessary to ascertain the local law of [Washington] in order to dispose of such a proceeding and the local law has not been clearly determined." Wash. Rev. Code 2.60.020.

Here, the parties dispute whether RCW 43.101.390 immunizes the CJTC Defendants from liability. The CJTC Defendants argue that they enjoy absolute immunity because the alleged conduct occurred during Cruz's training at the Academy and because his dismissal from the Academy fell within the CJTC's authority for training and discipline. Cruz contends that RCW 43.101.390 does not confer absolute immunity and that there remains a triable issue of fact as to whether the CJTC Defendants' discriminatory and retaliatory conduct removed their conduct from the scope of RCW 43.101.390's protection. Thus, we must decide whether RCW 43.101.390's immunity provision covers *all* torts, including intentional torts, committed by Defendants while administering the Academy. This critical issue of state law is unsettled and dispositive in this case, and it has important public policy ramifications.

The Washington Supreme Court has not addressed the scope of RCW 43.101.390's immunity provision. The Washington Court of Appeals, however, has held that RCW 43.101.390 provides broad immunity for *negligent* conduct performed within the course of the CJTC's duties. *See Ent v. Washington State Criminal Justice Training Com'n*, 174 Wash. App. 615, 622 (2013). In *Ent*, a student police officer at the CJTC's training academy in Burien, Washington, was forced to stand for over an hour at an inspection and graduation ceremony, causing him to faint and strike his head on the floor; by that point, two of his classmates had already fallen to the floor. *Id.* at 617. He sustained significant head injuries and sued the Commission for negligence. *Id.* The trial court granted the CJTC's motion for judgment on the pleadings based on statutory immunity under RCW 43.101.390. *Id.* at 618. The Washington Court of Appeals affirmed, ruling that "[i]mmunity unambiguously

applies to chapter 43.101 RCW in its entirety." *Id.* at 619. It rejected the plaintiff's concerns about "troubling scenarios" that might result from this finding of broad immunity under RCW 43.101.390, such as protection from civil and criminal liability even for "obvious negligence," "embezzl[ing] funds," and "manslaughter," because such scenarios result from a "legislative policy choice." *Id.* at 621.

The *Ent* court then considered whether the defendants' conduct was performed within the course of their duties. It found that requiring attendance at the Academy inspection and graduation ceremony was "well within [the CJTC's] discretion," noting that "[t]he legislature gave the CJTC broad authority to develop and implement curriculum necessary for its training programs." *Id*. at 622.

In *Ent*, the CJTC argued that it was entitled to "blanket immunity." *Id.* at 618. While the Washington Court of Appeals did not explicitly state that CJTC enjoys "blanket" immunity, it held that the immunity provision "cannot be reasonably read to limit or contradict the scope of the [CJTC]'s responsibility or authority to act." *Id.* Then, in a separate section, it rejected the plaintiff's alternative argument that the CJTC's actions were not "performed in the course of their duties in the administration and enforcement of th[e] chapter." *See id.* at 621–22; RCW 43.101.390. The *Ent* court concluded that, even presuming the plaintiff's allegations were true, he could prove no set of facts consistent with his complaint entitling him to recovery, since the alleged conduct fell comfortably within the broad authority RCW 43.101 provides to the CJTC. 174 Wash. App. at 622 (citing RCW 43.101.080(8)–(13)). *Ent*'s rejection of the plaintiff's alternative arguments—one based on statutory interpretation, and the other based on presumed

facts and surrounding statutory provisions—does not expressly resolve whether intentional torts committed while administering the Academy are "official acts" subject to immunity.

This question is central to this case. It is uncontested that the state legislature has delegated authority to the CJTC to train and discipline police officers. RCW 43.101.020(2); *see also id.* 43.101.200(1) (requiring that all law enforcement personnel complete basic law enforcement training); *id.* 43.101.200(2) (providing that the CJTC shall provide such training); *id.* 43.101.080(6) (granting authority to contract with other organizations for training personnel). The CJTC Defendants argue that, because the immunity provision applies to *any* civil or criminal suit arising from Cruz's undisputed participation in the Academy, his state claims must be dismissed as a matter of law. On the other hand, Cruz argues that the CJTC Defendants' conduct exceeded the scope of this authority. That is, he contends that when Defendants committed the alleged intentional torts based on personal animus, they were not "acting on behalf of the commission," and their conduct did not qualify as "official acts performed in the course of their duties." RCW 43.101.390(1). Therefore, Cruz argues that further discovery regarding, for example, discriminatory or retaliatory intent and any departures from established policies and procedures may establish a genuine dispute of material fact.

Even assuming that *Ent* holds that RCW 43.101.390(1) confers absolute immunity, the Washington Supreme Court has never held that such immunity extends to egregious or intentional conduct. *See Ent*, 174 Wash. App. at 621 (stating in dictum that it does). This sweeping interpretation of the immunity provision has broad implications that are best

addressed by the highest court of the state, and the Washington Supreme Court may interpret RCW 43.101.390 differently than did the Washington Court of Appeals in the context of intentional torts.

We recognize the burden that certifying a question imposes on a state court. However, certification is "particularly appropriate" where, as here, the issues of law are not only unsettled but also have "significant policy implications." *Centurion Props. III, LLC v. Chi. Title Ins. Co.*, 793 F.3d 1087, 1089 (9th Cir. 2015) (internal quotation marks and citation omitted). Resolution of the certified question could have a significant impact on the state's liability, as well as the training and public perception of law enforcement officers in Washington. Given the significance of the policy issues implicated by Cruz's state claims and the unsettled state of the law, we conclude that certification is the most appropriate course of action.

## ORDER

We respectfully certify to the Washington Supreme Court the following question:

> What is the scope of immunity provided by RCW 43.101.390? Specifically, does the provision grant immunity for intentional torts committed in the course of administering the Basic Law Enforcement Academy?

We do not intend the phrasing of our question to restrict the Washington Supreme Court's deliberations. We recognize that the Washington Supreme Court may exercise its discretion and reformulate the question. *Broad v.*

*Mannesmann Anlagenbau AG*, 196 F.3d 1075, 1076 (9th Cir. 1999).

The Clerk of Court is ordered to transmit to the Washington Supreme Court, under official seal of the Ninth Circuit, this order and request for certification along with all relevant briefs and excerpts of record pursuant to Wash. Rev. Code 2.60.010 and 2.60.030 and Washington Rule of Appellate Procedure 16.16. If the Washington Supreme Court accepts the certified question, we designate the CJTC Defendants to file the first brief pursuant to Washington Rule of Appellate Procedure 16.16(e)(1).

Further proceedings in this court are stayed pending the Washington Supreme Court's decision whether to accept review—and, if that Court accepts review, pending receipt of answers to the certified question. This appeal is withdrawn from submission until further order. The Clerk is directed to administratively close the docket. The panel will resume control and jurisdiction upon the Washington Supreme Court's decision to not accept the certified question or upon receipt of answers to the certified question.

When the Washington Supreme Court decides whether to accept the certified question, or orders additional briefing before deciding whether to accept the question, the parties are directed to promptly file a joint status report informing us. If the Washington Supreme Court accepts the certified question, the parties are directed to file further joint status reports informing us when briefing has been completed and a date set for oral argument and when the Washington Supreme Court provides answers to the certified question.

It is so **ORDERED**.

/s/ Mary H. Murguia
Chief Judge Mary H. Murguia
U.S. Court of Appeals for the Ninth Circuit